**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-20261
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

DAVID GEORGE,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-98-ALL
-----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

David George pleaded guilty to an indictment charging him with conspiracy to possess stolen

mail and to commit mail fraud and identity fraud, nine counts of mail fraud affecting a financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

institution, one count of possession of stolen mail matter, and aiding and abetting the substantive counts. George has appealed his sentence.[**]

George contends that the district court erred in increasing his offense level because the offense involved more than 50 victims. The adjustment was appropriate under U.S.S.G. § 2B1.1, comment. (n.3(B)) (2002).

George contends that the district court erred in determining the amount of the loss. The district court's finding regarding the intended loss with respect to the unused pre-approved credit card applications was not clearly erroneous and was not unreasonably determined. See United States v. Saacks, 131 F.3d 540, 542-43 (5th Cir. 1997); U.S.S.G. § 2B1.1, comment. (n.2(C)) (2002). It was sufficient that the financial institutions were put at risk of sustaining a loss. See United States v. Sowels, 998 F.2d 249, 251 (5th Cir. 1993). The district court did not clearly err in determining the actual and intended loss. See Saacks, 131 F.3d at 542-43.

George contends that his sentence was imposed illegally and that the Sentencing Guidelines are unconstitutional, in light of United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004). We review this issue for plain error. By determining facts related to the victim-related adjustment and the amount of the loss, the district court committed clear or obvious errors under the rule in Booker. See United States v. Mares, 402 F.3d 511, 520–21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). George has not shown, however, that the errors affected his substantial rights. See id. at 521.

---

[**] George contended in his original brief that the district court erred in refusing to suppress evidence seized during a search of his residence, pursuant to a warrant that was issued on an inadequate affidavit of probable cause. George concedes in his reply brief that `he waived this issue` by pleading guilty. See United States v. Jessup, 305 F.3d 300, 301 (5th Cir. 2002).

The judgment is AFFIRMED.