**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-41018**

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellee,**

**VERSUS**

**JOSEPH MARKS WISE,**

**Defendant - Appellant.**

Appeal from the United States District Court
For the Eastern District of Texas

June 18, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

DeMOSS, Circuit Judge:

Defendant-appellant Joseph Marks Wise challenges his conviction for possession of cocaine with intent to distribute. Because Wise pleaded guilty and failed to reserve the right to appeal the district court's pretrial rulings, we affirm Wise's conviction.

**I.**

Pursuant to two separate search warrants, police in Beaumont, Texas searched two adjoining apartments, numbers 13 and 14, at 1010 North Fifth Street. In Apt. 13, they encountered Wise as he

attempted to flush powdered cocaine down a toilet.  Wise had keys to Apt. 14 in his possession.  In Apt. 14, police found 175 grams of cocaine base and 89 grams of powdered cocaine.  Apt. 14 also contained some of Wise's personal effects -- a cordless phone, shoes, pants, and some legal papers.

Wise was charged with possession of cocaine with intent to distribute and possession of cocaine base with intent to distribute.  He moved to suppress the fruits of the searches of both apartments.  The district court suppressed the personal effects but refused to suppress the drugs.  Pursuant to a plea agreement (which does not contain any express written reservation of Wise's right to appeal), Wise then pleaded guilty to possession of cocaine with intent to distribute in exchange for the government's motion to dismiss the cocaine base count.  He was sentenced to 121 months of imprisonment, three years of supervised release, and fined $15,000.

## II.

A voluntary and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings. *See, e.g.,* **McMann v. Richardson**, 397 U.S. 759, 766, 90 S. Ct. 1441, 1446 (1970); **Busby v. Holman**, 356 F.2d 75, 77 & n.3 (5th Cir. 1966) (collecting cases).  That waiver includes, in this case, Wise's objection to the legality of the search of his apartment.  When a trial court denies a motion to suppress evidence and the defendant subsequently enters an unconditional plea of guilty, the defendant

has waived the right to raise further objection to that evidence. *See, e.g.*, **McMann**, 397 U.S. at 766, 90 S. Ct. at 1446; **United States v. Smallwood**, 920 F.2d 1231, 1240 (5th Cir. 1991).

Conditional pleas may be permitted, and this is the usual procedural avenue for preserving the defendant's objection to a dispositive pretrial ruling and obviating the need for a full trial. But conditions to a plea are not to be implied. Conditional pleas must be made in writing, consented to by the prosecution, and approved by the court. *See* Fed. R. Crim. P. 11(a)(2). Furthermore, the plea agreement must explicitly designate particular issues intended to be preserved for appeal. *See* **United States v. Bell**, 966 F.2d 914, 916 (5th Cir. 1992); **United States v. Hausman**, 894 F.2d 686, 689 (5th Cir. 1990). The requirements of consent by the government and approval by the court mean that there is no absolute right to enter a conditional guilty plea, and neither the prosecution nor the court has any duty to advise a defendant of the availability of such a procedure. *See, e.g.*, **Bell**, 966 F.2d at 916; **United States v. Daniel**, 866 F.2d 749, 751 (5th Cir. 1989).

This Court has, in appropriate circumstances, relaxed the technical conditional plea requirements of Rule 11(a)(2). Harmless Rule 11 violations are expressly excused by the Rule, which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 11(h). We can excuse variances from Rule 11(a)(2) when the spirit of that rule has been fulfilled

by a clear indication on the record of the defendant's intention to plead conditionally, a clear indication on the record of the defendant's intention to appeal particular pretrial rulings, and the acquiescence of both the prosecution and the court. *See, e.g.,* **Bell**, 966 F.2d at 916. Thus in **United States v. Fernandez**, 887 F.2d 564 (5th Cir. 1989) (summary calendar), we entertained an appeal in a case in which the government conceded that the defendant had actually reserved the right to appeal as part of the plea agreement. The record did not reflect strict compliance with Rule 11(a)(2), as the written conditional plea was not part of the record, and the record did not suggest that the district court had approved a conditional plea. Guided by Rule 11(h), we disregarded these procedural defects and considered the merits of the appeal. *See* **Fernandez**, 887 F.2d at 566 n.1.

Wise's situation is distinguishable from **Fernandez**. Wise does not argue that the record is deficient in failing to reflect an actual reservation of a right to appeal the district court's suppression ruling, and the government does not concede that Wise's plea was conditional. Moreover, the written plea agreement, which is part of the appellate record, contains absolutely no mention of an anticipated appeal, fails to specifically refer to the district court's denial of Wise's motion to suppress evidence, and contains no reservation of rights of any kind. At Wise's plea hearing, the district judge orally reviewed each provision of the plea agreement, and Wise and his lawyer both orally confirmed that the written plea agreement "is the entire plea agreement which has been

negotiated by and between the parties, and that no other promise has been made or implied by or for either the defendant or the government." Thus, based on the unambiguous appellate record before us we conclude that Wise's guilty plea was unconditional. If the record is ambiguous as to whether the defendant's plea was conditional, we may question voluntariness of the plea, vacate the conviction, and remand for repleading. *See Bell*, 966 F.2d at 916-17. "But if the record contains no manifestation of a reservation of appellate rights, the plea is presumptively unconditional, and an appellate court may not reach the merits of the defendant's appeal." *Id*. at 917.

## III.

In sum, in the absence of any reservation of conditions, a guilty plea constitutes a waiver of the right to challenge nonjurisdictional pretrial rulings on appeal. We reiterate the admonition in **Bell** that "the preferred practice is for the district court to advise the defendant that by pleading guilty he waives his right to appeal non-jurisdictional pretrial issues." 966 F.2d at 917 n.3. We must affirm this conviction, however, because the record unambiguously demonstrates that Wise's plea agreement did not reserve the right to contest the district court's suppression ruling on appeal.

**AFFIRMED.**