**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-40974**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**MICHELE ANN SCOTT, also known as**
**Michele Scott Jimenez,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-98-CR-58)**

---

November 16, 1999

Before DAVIS and JONES, Circuit Judges, and LEMELLE[*], District Judge.

PER CURIAM:[*]

Michele Ann Scott ("Scott") pled guilty to violating 18 U.S.C. § 247(a)(1), which imposes criminal penalties for damaging religious real property because of its religious character. During discovery, Scott filed a motion to dismiss, arguing that, on its face, the statute violates the Establishment Clause. The district court denied the motion to dismiss and ultimately sentenced Scott to 63 months of imprisonment for violating the statute. Scott was

---

[*]      District Judge of the Eastern District of Louisiana, sitting by designation.

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

also ordered to pay restitution to the affected churches and their respective insurers in the amount of $138,626.72. Scott has appealed the district court's ruling that 18 U.S.C. § 247 does not violate the Establishment Clause. Finding no error, we affirm.

This court reviews a constitutional challenge to a federal statute de novo. United States v. Luna, 165 F.3d 316, 319 (5th Cir.), cert. denied, 119 S. Ct. 1783 (1999). Although a defendant usually must enter a conditional plea of guilty in order to preserve for appeal nonjurisdictional issues related to her conviction, see United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1994), this court has recognized conditional pleas that are not in writing. See United States v. Fernandez, 887 F.2d 564, 566 n.1 (5th Cir. 1989). Thus, since the Government and the district court acknowledge that Scott's guilty plea was conditioned on her right to appeal the district court's denial of her motion to dismiss, Scott has not waived her right to appeal her facial challenge to 18 U.S.C. § 247.

Title 18 U.S.C. § 247(a)(1) provides:

(a)  Whoever, in any of the circumstances referred to in subsection (b) of the section --
    (1)  intentionally defaces, damages, or destroys any religious real property, because of the religious character of that property, or attempts to do so;
    ...
    shall be punished as provided in subsection (d).

To fall under the statute, a defendant must damage religious real property because of its religious character. Scott contends that 18 U.S.C. § 247 is unconstitutional because it violates the first

2

two prongs of the *Lemon* test and impermissibly endorses religion. Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105 (1971).

1.   The *Lemon* test

Under *Lemon*, a statute does not violate the Establishment Clause if the statute (1) has a secular legislative purpose, (2) does not have the primary effect of advancing or inhibiting religion, and (3) does not excessively entangle the government with religion.  Id., 403 U.S. at 612-13, 91 S. Ct. at 2111 (1971).[**] Contrary to Scott's claim, the statute has a valid secular purpose, namely redressing the specific harms set out in the legislative history:[***] the increasing violence and vandalism directed at houses of worship, the resulting interference with the free exercise of religion, and the absence of existing federal laws to prevent and address such violence and destruction.[****]  See S. Rep. No. 324 100th Cong., 2d Sess. 2-3 (1988); H.R. Rep. No. 337, 100th Cong., 1st

---

[**]     The *Lemon* test has been modified by Agostini v. Felton, 521 U.S. 203 (1997).  In *Agostini*, Justice O'Connor held that the determination of whether an entanglement is excessive is now part of the effects inquiry since the considerations for both are so similar.  Id. at 232-33.  Since Scott does not argue that 18 U.S.C. § 247 results in entanglement, this distinction does not affect the *Lemon* analysis in this case.

[***]     The secular legislative purpose requirement "does not mean that the law's purpose must be unrelated to religion -- that would amount to a requirement 'that government show a callous indifference to religious groups' and the Establishment Clause has never been so interpreted."  Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos, 483 U.S. 327, 335, 107 S. Ct. 2862, 2868 (1987) (citation omitted).

[****]     Although this court is not required to accept a stated legislative purpose that is spurious, Edwards v. Aguillard, 482 U.S. 578, 586-87, 107 S. Ct. 2573, 2578-79 (1987), this court may find a statute unconstitutional for lack of secular purpose only if the challenge demonstrates conclusively that the statute was motivated wholly by religious considerations.  Lynch v. Donnelly, 465 U.S. 668, 680, 1045 S. Ct. 1355, 1362 (1984).  Neither the briefs nor the record excerpts point to evidence that the expressed legislative purpose is a "sham" such that this court should ignore the legislative history.

3

Sess. 2-4 (1987); H.R. Rep. No. 621, 104th Cong., 2d Sess. 3-4 (1996). Congress evinced concern that existing law was insufficient to punish perpetrators of religiously motivated property crimes. See H.R. Rep. No. 621 at 2-4. And, as the Supreme Court holds in *Wisconsin v. Mitchell*, redressing such perceived harms constitutes a valid secular purpose:

> bias-motivated crimes are more likely to provoke retaliatory crimes, inflict distinct emotional harms on their victims, and incite community unrest ... The State's desire to redress these perceived harms provides an adequate explanation for its penalty-enhancement provision over and above mere disagreement with offenders' beliefs or biases.

508 U.S. 476, 488, 113 S. Ct. 2194, 2201 (1993). Since religious institutions are known for their "traditional absence of security measures," the statute protects vulnerable members of society, society in general, and the free exercise of religion.[*****] Carter v. Peters, 26 F.3d 697, 698 (7th Cir.), cert. denied, 513 U.S. 1003 (1994).[******]

Furthermore, the protection afforded religious real property does not have the primary effect of advancing religion, as it constitutes neither an "endorsement" nor "promotion" of

---

[*****] See also People v. Carter, 592 N.E.2d 491, 496 (Ill. App. Ct. 1992) ("Places of worship reach out and extend an invitation to the public; doors are unlocked; security is relaxed. The provision here merely reflects the legislature's determination that crimes committed in such places, like crimes committed against the aged, are more repugnant to the community than, for example, crimes committed against convenience stores and those who use them.").

[******] See Roberts v. United States Jaycees, 468 U.S. 609, 628, 104 S. Ct. 3244, 3255 (1984)("[V]iolence or other types of potentially expressive activities that produce special harms distinct from their communicative impact, ... are entitled to no constitutional protection").

religion.  <u>County of Allegheny v. American Civil Liberties Union</u>, 492 U.S. 573, 592-93, 109 S. Ct. 3086, 3101 (1989).  The primary effect of § 247(a)(1) is on individuals who are prosecuted for engaging in criminal acts involving religion.  <u>See</u> <u>Carter</u>, 26 F.3d at 699 ("The statute's primary effect is not on those deciding whether to attend religious services, but on persons such as [the defendant], who commit crimes in or around places of worship."). Any benefit that inures to religious institutions as a result of § 247 is indirect and, therefore, does not endorse or promote religion:*******

> A law is not unconstitutional simply because it allows churches to advance religion, which is their very purpose.  For a law to have forbidden "effects" under Lemon, it must be fair to say that the government itself has advanced religion through its own activities and influence.

<u>Amos</u>, 483 U.S. at 337, 107 S. Ct. at 2869 (1987).  Since churches, and not the government, use the religious real property to advance religion, there is no Establishment Clause violation.  By protecting religious organizations from bias-motivated acts of violence, the statute punishes wrongdoers and enables churches to carry out their functions.  Thus, even if § 247 "singles out religious entities for a benefit ... there is ample room for accommodation of religion under the Establishment Clause."  <u>Id</u>.,

---

******* <u>See also</u> <u>Todd v. State</u>, 643 So. 2d 625, 630 (Fla. Dist. Ct. App. 1994) (felony statute for desecration of houses of worship provides indirect, lawful benefit to such institutions); <u>People v. Carter</u>, 592 N.E.2d at 498 (primary effect of sentencing provision falls on criminals, and the statute does not violate the Establishment Clause because benefit to religious institutions owning property is "too indirect").

5

483 U.S. at 338, 107 S. Ct. at 2869.

2.    The endorsement test

The factors used for the endorsement test are similar to those used to determine whether a statute advances religion. Agostini, 521 U.S. at 234-35, 117 S, Ct. at 2016.  A statute impermissibly endorses religion if it "conveys a message that religion is 'favored,' 'preferred,' or 'promoted' over other beliefs."  Id. (quoting County of Allegheny, 492 U.S. at 593, 109 S. Ct. at 3101).  Put another way, the "[g]overnment unconstitutionally endorses religion whenever it appears to 'take a position on questions of religious belief,' or makes 'adherence to a religion relevant in any way to a person's standing in the political community.'"  Ingebretsen v. Jackson Public School District, 88 F.3d, 274, 288 (5th Cir. 1996) (citations omitted).

The enhancement of penalties for religiously motivated crimes does not show a promotion of or preference for religion. The statute does not force anyone to participate in religious activities nor does it promote any or all faiths.  By passing the statute, Congress does not take a position on religious belief; rather, Congress recognizes that (1) places of worship are vulnerable to bias-motivated crimes, and (2) religiously motivated violence interferes with the exercise of religion (such that stiffer penalties are appropriate).  In addressing these concerns, the statute does not make adherence to religion relevant to anyone's standing in the political community.

Title 18 U.S.C. § 247(a)(1) has a valid secular purpose

and neither endorses religion nor has the primary effect of advancing religion. Any benefit to religion is indirect and does not constitute the "active involvement of the sovereign in religious activity." Lemon v. Kurtzman, 403 U.S. 602, 612, 91 S. Ct. 2105, 2111 (1971) (quoting Walz, 397 U.S. at 668, 90 S. Ct. at 1411). Thus, 18 U.S.C. § 247(a)(1) does not violate the *Lemon* test or the endorsement test, and this court affirms.

**AFFIRMED.**