IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41365
Summary Calendar

_____


UNITED STATES OF AMERICA

            Plaintiff - Appellee

    v.

ERNESTO TIJERINA

            Defendant - Appellant

_____
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-260-1
_____
April 15, 2002

Before KING, Chief Judge, and DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

    Ernesto Tijerina pleaded guilty to count 1 of an indictment charging him with possession with intent to distribute more than 1,000 kilograms of marijuana and has appealed his conviction and sentence.  Tijerina contends that the district court erred in calculating the quantity of marijuana involved in the offense.  We review this issue for plain error.  The issues raised by Tijerina respecting the district court's drug-quantity calculation involve questions of fact capable of resolution by the district court upon proper objection.  Such questions can

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

never constitute plain error.  See United States v. Sparks, 2 F.3d 574, 589 (5th Cir. 1993); United States v. Pofahl, 990 F.2d 1456, 1479 (5th Cir. 1993).

Tijerina contends that the district court erred in failing to determine whether his attorney labored under an actual conflict of interest and in refusing to appoint substitute counsel.  Although Tijerina objected initially that his retained counsel labored under a conflict of interest, Tijerina waived this issue when he reentered his guilty plea.  See United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999).  Because Tijerina failed to show good cause, the district court did not abuse its discretion in refusing to appoint substitute counsel.  United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973).

Tijerina complains that he did not receive a downward departure under U.S.S.G. § 5K1.1.  The district court is without the authority to grant a downward departure without a Government motion.  See United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996).

Tijerina contends that he received ineffective assistance of counsel because his attorney failed to challenge the quantity of drugs at sentencing.  Tijerina's speculation that the drug quantity may have been less than 1,000 kilograms does not demonstrate that counsel was deficient in failing to challenge the drug quantity at sentencing.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The judgment is

AFFIRMED.