**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-51205
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT WILLIAM JESSUP,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

September 4, 2002

Before KING, Chief Judge, and JONES and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Scott William Jessup appeals his conviction for possession of pseudoephedrine with intent to manufacture methamphetamine and his attendant sentence.

A San Antonio police officer on patrol stopped a pickup truck to issue a citation for unlawfully riding in the open bed of the truck. While the officer was questioning the truck's driver about a discrepancy between the license plates and the vehicle registration, the officer noticed that the bed of the truck contained items that he knew were commonly used to manufacture

methamphetamine.  The officer called for narcotics investigators to respond to the scene.  The officers identified the man riding in the open bed of the truck as Jessup.  Jessup was arrested on an outstanding warrant for a parole violation.

The driver of the pickup signed a consent to search form.  In the course of the search, the officers uncovered a large footlocker containing 27.9 grams of pseudoephedrine (an immediate precursor for the manufacture of methamphetamine) and other items used to make methamphetamine, including a pyrex dish, a coffee pot with Jessup's fingerprints, filters, funnels, plastic and glass jars, ph paper, and muriatic acid.  The officers also found a black gym bag containing a methamphetamine recipe, a chemistry book, a shopping list containing items used to manufacture methamphetamine, and an address book belonging to Jessup.  They discovered more methamphetamine ingredients and equipment in the bed of the truck, including iodine crystals, several match boxes (the strike plates on the boxes contain red phosphorous, a methamphetamine ingredient), and a bag containing tubing and hose clamps.

The driver told the officers that the items belonged to Jessup and that he was helping Jessup move.  The officers later interviewed Mary Posey, the owner of Jessup's former residence, who said that she had asked Jessup to move out and had packed his belongings.  Jessup eventually pleaded guilty to one count of possession of pseudophedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(1).[1]

On appeal, Jessup challenges the district court's denial of his untimely motion to suppress the

---

[1]Technical amendments to the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000, Pub. L. No. 106-172, § 9, 114 Stat. 7 (2000) redesignated former subsection (d) as subsection (c), and the offense to which Jessup plead guilty can now be found at 21 U.S.C. § 841(c)(1).

evidence found in the pickup truck. Jessup's guilty plea waived any right he might otherwise have had to appeal the denial of the suppression motion. *See United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999). In *Wise*, we explained that when "a trial court denies a motion to suppress evidence and the defendant subsequently enters an unconditional plea of guilty, the defendant has waived the right to raise further objection to that evidence." *Id.* Here, Jessup's plea did not specify that it was conditional. *See id.* ("Conditional pleas must be made in writing, consented to by the prosecution, and approved by the court."). As such, he has waived any right to challenge the denial of the suppression motion.

Jessup also appeals the district court's sentence on the grounds that, although he *intended* to produce methamphetamine, he did not *attempt* to do so. U.S.S.G. § 2D1.11 governs sentencing for, among other offenses, possession of listed chemicals like pseudoephedrine. Section 2D1.11(c) contains a "cross reference." The cross-reference provides that if "the offense involved . . . *attempting* to manufacture a controlled substance [like methamphetamine] unlawfully, apply [U.S.S.G.] § 2D1.1 . . . if the resulting offense level is greater than that determined above" (emphasis added). In order to show that the defendant attempted to manufacture methamphetamine, the government must show that the defendant "(1) acted with the required criminal intent, and (2) engaged in conduct constituting a 'substantial step' toward commission of the substantive offense.'" *United States v. Anderson*, 987 F.2d 251, 255-56 (5th Cir. 1993) (setting forth the elements for the crime of attempt to manufacture methamphetamine); *see also* U.S.S.G. § 2D1.11 cmt. n.2 (explaining that the definition of "attempt" to manufacture methamphetamine for the purposes of the sentencing guidelines is the same as the definition of the substantive offense of attempt to manufacture methamphetamine).

The probation officer determined that Jessup had attempted to manufacture methamphetamine, and therefore applied the cross reference. Jessup objected on the grounds that his actions constituted only "mere preparation," that he had not taken any "substantial step" toward the manufacture of methamphetamine. He also argued that he did not know how to manufacture methamphetamine, even though he had seen it done. The government relied on a Tenth Circuit case, *United States v. Smith*, 264 F.3d 1012 (10th Cir. 2001), in which the court upheld a sentence under the § 2D1.11(c) cross reference on substantially similar facts. The government also argued that the pseudoephedrine found with Jessup had already been separated into its post-distillate phase. It argued that using pseudoephedrine to make methamphetamine involved a two-step process. The pseudoephedrine first has to be separated into a post-distillate form from cold, sinus, allergy or other similar tablets. The separated pseudoephedrine can then be used to make methamphetamine. According to the government, the pseudoephedrine found with Jessup had already undergone the first step in this process.

The district court sided with the government, holding that "I think in this case there was intent and there was indeed something that went beyond mere preparation and represented a substantial step toward the commission of the offense of manufacture of methamphetamine." It therefore applied the cross reference and sentenced Jessup under the harsher § 2D1.1 guideline.

On appeal from sentencing decisions, we review the district court's application of the sentencing guidelines *de novo*, accepting the district court's findings of fact unless clearly erroneous. *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995). Beyond even the clearly erroneous standard, we are also explicitly required by statute to give "due deference to the district court's *application* of the guidelines to the facts." 18 U.S.C. § 3742(e) (emphasis added); *United*

*States v. Maseratti*, 1 F.3d 330, 339 (5th Cir. 1993).

Here, the district court correctly identified the governing law: that attempt requires intent and conduct constituting a "substantial step" toward the commission of the offense. We therefore review its application of the rule to the facts of this case with the "due deference" required by the statute. *Cf. Smith*, 264 F.3d at 1016 ("The 'substantial step' question appears to be a factual one, or at least one regarding the application of the guidelines to a particular set of facts."); *United States v. Montayne*, 966 F.2d 190, 191 (8th Cir. 1993) ("Whether a defendant's conduct amounts to a substantial step necessarily depends on the facts of each case.").

Applying due deference, we cannot say that the district court erred in concluding that Jessup took a substantial step toward manufacturing methamphetamine. We have described a "substantial step" toward the commission of the crime as a step "strongly corroborative of the firmness of the defendant's criminal intent." *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974). The affirmative act of collecting a substantial part of the equipment and ingredients for manufacturing methamphetamine can constitute action beyond "mere preparation" sufficient to constitute a substantial step. *See United States v. Fooladi*, 764 F.2d 1027 (5th Cir. 1984); *United States v. Anderson*, 987 F.2d 251, 255-56 (5th Cir. 1993); *United States v. Stone*, 960 F.2d 426, 433-34 (5th Cir. 1992). In *Fooladi*, we upheld Fooladi's conviction for attempt to manufacture amphetamines based on the Drug Enforcement Agency's seizure from Fooladi's residence of P-2-P, an immediate precursor of amphetamines, and several formulas for converting P-2-P into amphetamines. Fooladi also confessed to the agents that he intended to convert the P-2-P to amphetamines. We found that this evidence was sufficient to support a jury verdict for attempt.

Here, Jessup possessed pseudoephedrine, an immediate precursor to methamphetamine, along

with a substantial number of other ingredients for producing methamphetamine. Like Fooladi, Jessup possessed a recipe for converting the precursor drug into the final form. Jessup also plead guilty to intent to manufacture methamphetamine, and therefore acknowledged that he intended to finalize the process of converting the pseudoephedrine into methamphetamine. Applying deference, we cannot conclude that the district court erred in finding that Jessup had assembled sufficient equipment, ingredients, and instructions to have crossed the line between "mere preparation" and a "substantial step."

We therefore AFFIRM Jessup's conviction and his sentence.

AFFIRMED.