United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 02-40568
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS RODRIGUEZ BARRIENTES,
also known as Jesus Barrientes,**

**Defendant-Appellant.**

---

**Appeals from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-500-1**

---

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Rodriguez Barrientes appeals his guilty-plea conviction of being a felon in possession of a firearm. The Government argues that Barrientes's only issue on appeal, the denial of his suppression motion, was waived by the entry of an unconditional guilty plea. However, review of the transcript of the rearraignment hearing shows that Barrientes has preserved his right to appeal the denial of the suppression motion because there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a clear indication of Barrientes's intention to plead conditionally, of his intention to appeal the denial of the motion to suppress in particular, and the acquiescence of the Government and the district court in the conditional plea. See United States v. Wise, 179 F.3d 184, 187 (5th Cir. 1999).

Barrientes argues that his suppression motion should not have been denied because the search warrant was supported only by a "bare bones" affidavit. The averments in the affidavit were not wholly conclusory but contained sufficiently detailed information from which the magistrate could independently determine probable cause. See United States v. Pofahl, 990 F.2d 1456, 1474 n.18 (5th Cir. 1993). The officer corroborated several pieces of the anonymous informant's information, demonstrating the informant's reliability. See United States v. Jackson, 818 F.2d 345, 348 (5th Cir. 1987). There was no requirement that all of the informant's tips be corroborated by subsequent police investigation in order to be considered credible. See United States v. Blount, 123 F.3d 831, 836 (5th Cir. 1997)(en banc).

Because the affidavit in support of the search warrant was not "bare bones," the good-faith exception applied, and the district court did not err in denying Barrientes's suppression motion. See United States v. Cisneros, 112 F.3d 1272, 1278 (5th Cir. 1997). The judgment of the district court is **AFFIRMED**.