**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-30670
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GAYLAND BRUCE HEWITT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20022-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gayland Bruce Hewitt appeals his guilty plea conviction for possession of child pornography. The district court sentenced Hewitt to 80 months of imprisonment and five years of supervised release. First, Hewitt argues that his computer was illegally searched and seized in violation of the Fourth Amendment. Hewitt does not challenge the validity of his guilty plea, and a voluntary and unconditional guilty plea waives the right to challenge any nonjurisdictional defects arising before the plea was entered, including a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of illegal search and seizure. *See United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999). Because Hewitt's plea was voluntary and his plea agreement did not reserve the right to assert a challenge to illegal search and seizure on appeal, his argument is unavailing. *See United States v. Coil*, 442 F.3d 912, 914-15 (5th Cir. 2006). Hewitt's contention that the waiver of his challenge to illegal search and seizure relates to his failure to make a pretrial motion to suppress, as governed by FED. R. CRIM. P. 12, is incorrect. *See Wise*, 179 F.3d at 186.

Second, Hewitt argues that the Government should not have been permitted to file objections to Hewitt's presentence report (PSR) beyond the 14-day limitations period provided in FED. R. CRIM. P. 32(f)(1). Because Hewitt did not object on this ground in the district court, this issue is reviewed for plain error only. *See United States v. Baker*, 538 F.3d 324, 331 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). To show plain error, Hewitt must show an error that is clear or obvious and that affects his substantial rights. *See id.* at 332. If Hewitt makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In its out-of-time objections, the Government sought the assessment of a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) because Hewitt possessed images involving sadistic conduct and the Government opposed awarding Hewitt an adjustment under the Sentencing Guidelines for acceptance of responsibility. The district court applied the § 2G2.2(b)(4) enhancement, and the district court awarded Hewitt a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) but did not award the additional one-level reduction under § 3E1.1(b).

While Rule 32(f)(1) requires PSR objections to be filed within 14 days of receipt of the PSR, Rule 32(b)(2) permits the district court to change, for good cause, any time limitations prescribed in Rule 32. Hewitt's sentencing hearing did not take place until nearly six months after the Government filed its out-of-

time objections, and Hewitt has not shown that he was prejudiced in his ability to adequately prepare for sentencing. *See United States v. Angeles-Mendoza*, 407 F.3d 742, 749 & nn.11-12 (5th Cir. 2005). Moreover, Hewitt's substantial rights were not affected because the district court could have imposed the same rulings even absent the Government's objections, as Hewitt was aware of the underlying images supporting the § 2G2.2(b)(4) enhancement as well as the facts supporting the Government's opposition to the § 3E1.1(b) reduction. *See id.* at 749 & n.13; *Baker*, 538 F.3d at 332.

Third, Hewitt argues for the first time on appeal that the district court erred in applying the four-level enhancement under § 2G2.2(b)(4) because the Government's objection concerning this enhancement was based on his results on the Abel Assessment of Sexual Interest (AASI), which results were ultimately excluded from the record by the district court. The Government's objection concerning the enhancement under § 2G2.2(b)4) was not based on the AASI results. The § 2G2.2(b)(4) enhancement applies "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." The images possessed by Hewitt included images of "prepubescent females" having "sexual intercourse" with adult males, a "minor female" having "sexual intercourse" with a dog, and children performing "oral sex." The district court did not commit any error, plain or otherwise, in applying the § 2G2.2(b)(4) enhancement. *See United States v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000).

Fourth, Hewitt argues for the first time on appeal that he should have been granted an additional one-level reduction to his offense level pursuant to § 3E1.1(b) for acceptance of responsibility because the Government's basis for opposing this reduction was invalid as it stemmed from nothing other than his results on the AASI. We review the Government's refusal to move for the additional level decrease under § 3E1.1(b) to determine whether that refusal was based on an unconstitutional motive or was not rationally related to a legitimate

government end. *United States v. Newson*, 515 F.3d 374, 378 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008).

In its filings in the district court, the Government indicated that it opposed the § 3E1.1(b) reduction on the ground that Hewitt possessed child pornography because he had a sexual interest in children and that Hewitt was a poor candidate for treatment because he was denying this interest. The Government contends that it was required to expend additional time and resources to refute evidence to the contrary that Hewitt sought to present at sentencing. Current law does not make clear whether the Government's basis for refusing to file a § 3E1.1(b) motion satisfies the standard set forth in *Newson*, 515 F.3d at 378. Thus, any error would not have been clear or obvious, and there was no plain error with respect to this newly raised issue. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

Fifth, Hewitt argues for the first time on appeal that the district court failed to comply with Rule 32(i)(1)(A) and (i)(3). Hewitt's challenge is unavailing because he has not demonstrated that such errors affected his substantial rights. *See Baker*, 538 F.3d at 332.

Sixth, Hewitt argues for the first time in his appellate reply brief that he received ineffective assistance of trial counsel. We do not consider a new claim raised for the first time in an appellate reply brief. *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). Regardless, the record is not sufficiently developed to allow a fair evaluation of the merits of Hewitt's claims, *see United States v. Stevens*, 487 F.3d 232, 245 (5th Cir.), *cert. denied*, 128 S. Ct. 336 (2007); *United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998), and thus we do not consider them.

AFFIRMED.