FILED
United States Court of Appeals
Tenth Circuit

January 26, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GARY NEEF,

     Petitioner - Appellant,

v.

MICHAEL HEREDIA, Warden,

     Respondent - Appellee.

No. 09-2200
(D.C. No. 07-CV-00303-MCA-DJS)
(D.N.M.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Gary Neef seeks to appeal from the district court's order and judgment adopting the magistrate judge's proposed findings and recommended disposition and denying his habeas corpus petition pursuant to 28 U.S.C. § 2254. Because Mr. Neef has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability ("COA") and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Background

In March 1997, days after his eighteenth birthday, Mr. Neef and three

others agreed to rob an Albertsons grocery store in Albuquerque, New Mexico. Mr. Neef and a codefendant hid in a cooler until the store closed. Shortly thereafter, Mr. Neef proceeded to the customer service and safe area and shot a store employee. He then removed approximately $930 in currency from an open safe. Mr. Neef later dismantled the shotgun he used and disposed of it in various locations; the murder weapon has never been found. 1 R. 337-338, 384, 524-25, 688. The defendants divided the currency, and Mr. Neef burned the straps from the currency. 1 R. 525. While being held on the resulting charges, Mr. Neef was found with a "shank." 1 R. 364.

Mr. Neef pled guilty to first degree murder (willful and deliberate), conspiracy to commit armed robbery, armed robbery (with firearm enhancement), two counts of tampering with evidence, and one count of possession of a deadly weapon by a prisoner. 1 R. 48-49, as modified by 53. After partially successful state post-conviction relief, his sentence is life plus eleven years, plus five years on parole. 1 R. 54, 366. In his federal habeas petition, Mr. Neef raised (1) ineffective assistance of counsel based upon his counsel's decision to forego a motion to suppress in favor of a plea agreement that eliminated the possibility of the death penalty, 1 R. 8, 16, and (2) failure to suppress evidence based upon an unlawful seizure and detention, 1 R. 9. The state concedes exhaustion. 28 U.S.C. § 2254(b)(1)(A); 1 R. 43, ¶ 5. On appeal, Mr. Neef argues that his counsel never tried a death penalty case and should have pursued the motion to suppress, and

then gone to trial, or at least obtained a better deal. Aplt. Br. 3A(2)-(3). Mr. Neef contends that he pled and received maximum sentences, except for the death penalty, which Bernalillo County jurors are reluctant to impose. Aplt. Br. 3A(3). He also argues the merits. According to Mr. Neef, when the police stopped the vehicle he and his associates were riding in, the police lacked probable cause, an arrest warrant or exigent circumstances; accordingly, all evidence obtained thereafter is derivative evidence which should have been suppressed. Aplt. Br. 3B(1)-(2). In addition to Fourth Amendment violations, Mr. Neef contends that his confession is the product of Fifth Amendment violations—he had ingested marijuana and LSD, was sleep-deprived, and was not allowed to make a phone call or summon counsel. Aplt. Br. 3(B)(3).

## Discussion

To warrant a COA, Mr. Neef must demonstrate that the federal district court's decision is reasonably debatable or that the issues presented were adequate for further encouragement. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When a state court resolves a federal claim on the merits, our review of the result is deferential and state court findings are presumed correct. 28 U.S.C. § 2254(d) & (e)(1); Williams v. Taylor, 529 U.S. 362, 405-07, 410-11 (2000). Ineffective assistance of counsel requires a showing of deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the guilty

plea context, a defendant must demonstrate that but for counsel's erroneous advice, he would not have pled guilty but rather would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

After an evidentiary hearing, the state district court determined that Mr. Neef's counsel performed competently during the pendency of the case, including negotiating a plea agreement and pursuing successful arguments that would ultimately reduce Mr. Neef's sentence. 1 R. 363-64, 370-73. As a result, it was unnecessary to address the prejudice element. 1 R. 364; Strickland, 466 U.S. at 697. The court determined that counsel was fully prepared to litigate a motion to suppress, but made a tactical decision that avoiding the death penalty was paramount, particularly given the "numerous independent witnesses and devastating evidence available" that supported first-degree murder and imposition of the death penalty. 1 R. 363; see Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (counsel is presumed to make decisions for tactical reasons and not due to neglect). The event was captured on videotape (with Mr. Neef and a codefendant in ski masks), Mr. Neef made incriminating remarks to others, and he was armed with a shank while awaiting disposition of the charges. 1 R. 23, 363-64. The trial court determined that counsel consulted with other death penalty and appellate practitioners, filed at least thirty-eight motions on Mr. Neef's behalf, vigorously argued several motions, and provided competent representation. 1 R. 363. Having determined that Mr. Neef's ineffective assistance of counsel claim

failed, the state district court declined to address the merits of the motion to suppress and denied relief on that ground. 1 R. 364. The New Mexico Supreme Court denied certiorari. 1 R. 635.

When Mr. Neef pled guilty, he admitted the elements of the offenses and waived all non-jurisdictional defects. See United States v. Broce, 488 U.S. 563, 570, 574-75 (1989). Mr. Neef cannot independently pursue his motion to suppress because a "guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Wise, 179 F.3d 184, 186 (1999). As a result, most pretrial issues are waived, at least in the criminal proceeding. Broce, 488 U.S. at 569; Haring v. Prosise, 462 U.S. 306, 319-21 (1983). The only remaining claim is that the plea was not voluntary and intelligent, here, an assertion that counsel provided ineffective assistance of counsel which led to the plea. Tollett, 411 U.S. at 266-67. The district court's ultimate resolution of the ineffective assistance of counsel claim, which accorded proper deference to the state court resolution, is not reasonably debatable. The state court correctly identified the principles of Strickland, and its application was objectively reasonable. See Bell v. Cone, 535 U.S. 685, 698-699 (2002). Counsel obviously weighed the risks and potential benefits of continuing with the motion to suppress versus eliminating the possibility of the death penalty, and we cannot say that the decision made was objectively unreasonable.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge