# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2010

No. 09-31107
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY L. WASHINGTON, Also Known as Timothy S. Washington,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Louisiana
No. 3:08-CR-103-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timothy Washington pleaded guilty, without benefit of a written plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g)(1).  After pleading guilty but before he was sentenced, Washington moved to withdraw his plea when a video recording of the traffic stop that led to his arrest surfaced.  He argued that the video would have provided a basis for moving to suppress evidence.  The district court denied the motion, and Washington appeals that ruling.

We review the denial of a motion to withdraw a plea for abuse of discretion. *United States v. Conroy*, 567 F.3d 174, 177 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1502 (2010).  Washington argues that his guilty plea was not knowing and voluntary because his decision was based on incomplete information, but he has not identified a single deviation from Federal Rule of Criminal Procedure 11. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  In addition, Washington has not asserted his innocence but admitted his guilt under oath.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The district court found that the government would not suffer prejudice if the withdrawal motion were granted.  Close assistance of counsel was available to Washington when he decided to plead guilty.  Although Washington filed his motion promptly after receiving a copy of the video recording, and the district court found that it would not be substantially inconvenienced by granting the motion to withdraw, the court did not abuse its discretion in denying the  motion in light of all of the relevant factors.  *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

To the extent that Washington argues that withdrawal should have been granted because the government breached a duty to disclose the video recording, the argument is unavailing.  *See Conroy*, 567 F.3d at 178.  In rejecting the argument that a defendant must always be aware of impeachment information before pleading guilty, the Supreme Court noted "the random way in which such information may, or may not, help a particular defendant" and that the Constitution "permits a court to accept a guilty plea, with its accompanying waiver of various

constitutional rights, despite various forms of misapprehension under which a defendant might labor," including circumstances in which a defendant's attorney "misjudged the admissibility of a confession" or "failed to find a potential constitutional infirmity in grand jury proceedings." *United States v. Ruiz*, 536 U.S. 622, 630-31 (2002) (internal quotation marks and citations omitted). In addition, a guilty plea generally waives Fourth Amendment claims. *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

AFFIRMED.