# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2011

No. 10-50007
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO AARON OLIVAS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1402-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Aaron Olivas pled guilty to conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute. He was sentenced to 18 months in prison. He now appeals the district court's denial of his motion to suppress certain evidence he contends was unconstitutionally obtained. We hold that Olivas waived his right to appeal by entering an unconditional guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50007

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings, including the right to raise any further objections based on a district court's denial of a motion to suppress. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Although a defendant may plead guilty conditionally and preserve appeal rights, the plea must be in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal. Fed. R. Crim. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).

There was no written plea agreement in this case. In addition, there is no other evidence in the record that Olivas expressed an intent to appeal such that any technical noncompliance with Rule 11(a)(2) might be excused. *See Stevens*, 487 F.3d at 238. Although Olivas asserts that he reserved his right to appeal, citing a page of the rearraignment transcript, no such reservation appears at that or any other page of the transcript. Olivas's opening brief offers no other basis for pursuing his appeal, and he did not file a reply brief responding to the Government's assertion of waiver. As the record lacks any evidence of a reservation of rights, Olivas may not appeal the district court's suppression ruling. *See Wise*, 179 F.3d at 187.

Olivas's appeal is entirely without merit and we dismiss it as frivolous. *See* 5th Cir. R. 42.2. In addition, given the misstatement of the record regarding Olivas's reservation of his right to appeal, as well as the failure to file a reply brief addressing the waiver issue, we order counsel to show cause within 30 days of the date of this opinion why this court should not impose sanctions or take other disciplinary action. *See* Fed. R. App. P. 46(c); *United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

APPEAL DISMISSED AS FRIVOLOUS; COUNSEL ORDERED TO SHOW CAUSE WITHIN 30 DAYS WHY SANCTION SHOULD NOT BE IMPOSED OR OTHER DISCIPLINARY ACTION TAKEN.