**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

No. 11-50422
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ANGELICA MARIA MAURICIO,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-268-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angelica Mauricio pleaded guilty of possession with intent to distribute at least five kilograms of cocaine and was sentenced to 120 months in prison. She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50422

appeals the denial of her motion to suppress evidence that she contends was unconstitutionally obtained during a traffic stop. We agree with the government that Mauricio waived her right to appeal by entering an unconditional guilty plea.

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings, including the right to raise any further objections based on a denial of a motion to suppress. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Although a defendant may plead guilty conditionally and preserve appeal rights, the plea must be in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal. FED. R. CRIM. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).

There was no written plea agreement or other evidence in the record that Mauricio expressed an intent to appeal such that any technical noncompliance with Rule 11(a)(2) might be excused. *See Stevens*, 487 F.3d at 238. Because the record lacks any evidence of a reservation of rights, Mauricio may not appeal the suppression ruling. *See Wise*, 179 F.3d at 187. The appeal is entirely without merit, and it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.