# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

No. 11-30802
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR GONZALEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CR-128-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges:

PER CURIAM:[*]

Salvador Gonzalez-Hernandez (Gonzalez) pleaded guilty to possession of more than five kilograms of cocaine with intent to distribute. He was sentenced to 87 months in prison. He now appeals the district court's denial of his motion to suppress evidence he contends was obtained as the result of an unconstitutional search. We hold that Gonzalez waived his right to appeal the suppression ruling by entering an unconditional guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30802

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings, including the right to raise any further objections based on a district court's denial of a motion to suppress. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Although a defendant may plead guilty conditionally and preserve appeal rights, the plea must be in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal. FED. R. CRIM. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).

The written plea agreement contains no evidence of any reservation of rights. Further, there is no evidence in the record that Gonzalez expressed an intent to plead guilty conditionally or that the Government and the court did not oppose such a plea, which might excuse technical noncompliance with Rule 11(a)(2). *See Stevens*, 487 F.3d at 238. Gonzalez's opening brief does not address whether his plea was conditional or unconditional, and he did not file a reply brief responding to the Government's assertion of waiver. Further, the record demonstrates that the plea was voluntary. *See id.* In light of the foregoing, Gonzalez may not appeal the district court's suppression ruling. *See Wise*, 179 F.3d at 187.

Gonzalez's appeal is entirely without merit and we dismiss it as frivolous. *See* 5TH CIR. R. 42.2. In addition, we caution counsel that pursuing an appeal despite an unconditional plea and then failing to address that issue in a reply brief after it was raised by the Government in its brief needlessly wastes judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999) (imposing sanctions for similar conduct).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.