# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2012

No. 11-40840
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE SEBASTIAN ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CR-11-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Sebastian Alvarado pleaded guilty to possession with intent to distribute at least five kilograms of cocaine and was sentenced to 120 months in prison. He appeals the district court's denial of his motion to suppress evidence that he contends was unconstitutionally obtained during a traffic stop. We agree with the Government that Alvarado waived his right to appeal this issue by entering an unconditional guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40840

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings, including the right to raise any further objections based on a district court's denial of a motion to suppress. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Although a defendant may plead guilty conditionally and preserve appeal rights, the plea must be in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal. FED. R. CRIM. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).

There was no written plea agreement in this case. In addition, there is no other evidence in the record that Alvarado expressed an intent to appeal the denial of his motion to suppress such that any technical noncompliance with Rule 11(a)(2) might be excused. *See Stevens*, 487 F.3d at 238. As the record lacks any evidence of a reservation of rights, Alvarado may not appeal the district court's suppression ruling. *See Wise*, 179 F.3d at 187.

AFFIRMED.