# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40730
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO MADRIGAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-928-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Francisco Madrigal pleaded guilty to possession of more than 1000 kilograms of marijuana with intent to distribute. He was sentenced to 90 months in prison and five years of supervised release. He now appeals the district court's denial of his motion to suppress statements he contends were obtained in violation of his Fifth Amendment right against self-incrimination.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40730

We conclude that Gonzalez waived his right to appeal the suppression ruling by entering an unconditional guilty plea.

A voluntary and unconditional guilty plea waives all nonjurisdictional defects in the prior proceedings, including the right to raise any further objections based on a district court's denial of a motion to suppress. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Although a defendant may plead guilty conditionally and preserve appeal rights, the plea must be in writing, must have the consent of the prosecution and approval of the court, and must explicitly designate the issues being preserved for appeal. FED. R. CRIM. P. 11(a)(2); *United States v. Wise*, 179 F.3d 184, 186-87 (5th Cir. 1999).

The written plea agreement contains no evidence of any reservation of rights. Further, there is no evidence in the record that Madrigal expressed an intent to plead guilty conditionally or that the Government and the court did not oppose such a plea, which might excuse technical noncompliance with Rule 11(a)(2). *See Stevens*, 487 F.3d at 238. Madrigal's opening brief asserts without support that his plea was conditional. Even after the issue was raised by the Government, he did not file a reply brief responding to the Government's assertion of waiver. Further, the record demonstrates that the plea was voluntary. *See id*. In light of the foregoing, Madrigal may not appeal the district court's suppression ruling. *See Wise*, 179 F.3d at 187.

Madrigal's appeal is entirely without merit, and we dismiss it as frivolous. *See* 5TH CIR. R. 42.2. In addition, we caution counsel that misstating the record regarding Madrigal's reservation of his right to appeal, pursuing an appeal despite an unconditional plea, and failing to address that issue in a reply brief after it was raised by the Government in its brief needlessly wastes judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999) (imposing sanctions for similar conduct).

No. 13-40730

APPEAL DISMISSED AS FRIVOLOUS; MOTION TO DISMISS DENIED AS MOOT; SANCTION WARNING ISSUED.