**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Efren OLIVAS–HINOJOS,
Defendant–Appellant.**

No. 14–50886
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Diane D. Kirstein, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Gerald Ramon Lopez, Esq., Odessa, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

Efren Olivas–Hinojos pleaded guilty to aiding and abetting the possession with intent to distribute methamphetamine and was sentenced to 180 months of imprisonment followed by a five-year term of supervised release. Olivas–Hinojos reserved his right to appeal the district court's denial of his motion to suppress, limited to the issue of the validity of the search warrant. On appeal, Olivas–Hinojos argues that the affidavit was insufficient to support the search warrant, the good faith exception did not apply, his consent to search did not extend to vehicles located on the property, and his detention was unlawful and without probable cause. When reviewing a denial of a motion to suppress, we review factual findings for clear error and conclusions of law de novo. *United States v. Pack,* 612 F.3d 341, 347 (5th Cir.2010).

"A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a 'conditional plea' under Rule 11(a)(2) of the Federal Rules of Criminal Procedure." *United States v. Bell,* 966 F.2d 914, 915 (5th Cir. 1992). A conditional plea under Rule 11(a)(2) "must explicitly designate particular issues intended to be preserved for appeal." *United States v. Wise,* 179 F.3d 184, 186–87 (5th Cir.1999). Conditions "are not to be implied." *Id.* at 186. Given that Olivas–Hinojos reserved the right to appeal only "the issue of the validity of the search warrant," not the denial of his suppression motion in general, the consent and probable cause issues are outside of the scope of the appeal reservation. Even if these issues were within the scope of the reservation, Olivas–Hinojos offers no argument on the merits of these issues and has abandoned them. *See United States v. Scroggins,* 599 F.3d 433, 446 (5th Cir. 2010).

When reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved, we engage in a two-step inquiry. *United States v. Cherna,* 184 F.3d 403, 407 (5th Cir.1999). First, we determine whether the good faith exception to the exclusionary rule applies and, second, whether the magistrate had a substantial basis for concluding that probable cause existed. *Id.* If the good faith exception applies, then no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed, unless the case presents a novel question of law whose resolution is necessary to

---

guide future action. *United States v. Mays,* 466 F.3d 335, 343 (5th Cir.2006). Olivas–Hinojos has not provided argument on the merits of his argument that the good faith exception should not apply. Accordingly, he has abandoned this issue as well. *See Scroggins,* 599 F.3d at 446.

As Olivas–Hinojos cannot challenge the district court's application of the consent exception and has not briefed adequately any argument concerning the good faith exception used by the district court to deny the suppression motion in the alternative, we need not address his argument concerning the sufficiency of the search warrant affidavit. *See United States v. Jackson,* 596 F.3d 236, 240 (5th Cir.2010) (declining to address merits of good faith exception because the district court offered alternative grounds for denying the suppression motion).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

