# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50885
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 19, 2016
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTINA YVONNE VARELA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2248-2

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Without the benefit of a plea agreement, Christina Yvonne Varela pleaded guilty to conspiracy and possession, with the intent to distribute, at least 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846. She was sentenced to 37 months' imprisonment. She now appeals the denial of her motion to suppress evidence found during a warrantless search of her home, challenging the court's determination she consented to the search. But, as

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50885

discussed below, by pleading guilty voluntarily and unconditionally, Varela waived her right to challenge on appeal any non-jurisdictional defects in the criminal proceedings that occurred before the plea, including the denial of her motion to suppress. *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

Varela contends the court erroneously denied her motion to suppress evidence seized by Drug Enforcement Agency Agents in 2014 during a warrantless search of her home because she did not give consent. The Agents followed a tracking device, hidden in marijuana found in the trunk of a vehicle near El Paso, Texas, to Varela's home. The Government contends the agents conducted a "knock-and-talk" to gain consent to enter and search; Varela asserts consent was not properly obtained. Nowhere in her brief, however, does she address how this issue was preserved after entry of her guilty plea, nor did she file any reply to the Government's response brief's asserting all non-jurisdictional objections were waived.

A defendant may enter a conditional guilty plea "[w]ith the consent of the court and the government . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion". Fed. R. Crim. P. 11(a)(2). "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). A conditional plea, however, may not be implied, but a variance may be excused when "the record clearly indicates that the defendant intended to enter a conditional guilty plea, that the defendant expressed the intention to appeal a particular pretrial ruling, and that neither the [G]overnment nor the district court opposed such a plea". *Stevens*, 487 F.3d at 238 (internal quotation marks and citation omitted); s*ee Wise*, 179 F.3d at 187.

No. 15-50885

Varela indicated at the plea-entry hearing her disagreement with the Government's recitation of the factual basis for her guilt because it stated the search was conducted subject to consent. The record, however, contains no suggestion, written or otherwise, either that Varela intended to plead guilty conditionally, or that the Government and the court were not opposed to a conditional plea; and, although her lawyer perhaps attempted to preserve the suppression issue "[i]f she decides to appeal", Varela did not express an intent to do so. *See* Fed. R. Crim. P. 11(a)(2); *Stevens*, 487 F.3d at 240; *Wise*, 179 F.3d at 186-87.

AFFIRMED.