United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11443
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY ANDREW NELSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-90-ALL
--------------------

Before REAVLEY, DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Andrew Nelson appeals the sentence imposed following

his guilty-plea conviction of possession of child pornography

that had been transported in interstate commerce, in violation of

18 U.S.C. § 2252A(a)(5)(B). The court departed upward from the

70-to-87-month Sentencing Guidelines imprisonment range and

sentenced Nelson to the statutory maximum prison term of 10

years.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nelson argues that the upward departure violated his Sixth Amendment rights under United States v. Booker, 125 S. Ct. 738 (2005), because it was based on facts that were neither presented to a jury for proof beyond a reasonable doubt nor admitted by him. Nelson preserved this argument for appeal by raising a similar challenge under Blakely v. Washington, 124 S. Ct. 2531 (2004), in district court. See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).

Nelson's argument is reviewed for harmless error, which places upon the Government the burden of demonstrating beyond a reasonable doubt that the Booker error did not contribute to the sentence Nelson received. United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005). The Government has made such a showing because the record evidence proves beyond a reasonable doubt that the district court would have imposed same upward departure under an advisory guidelines regime. See id. The district court emphasized at Nelson's sentencing that it had considered mitigating evidence but nonetheless expressed disappointment that there was "not a greater statutory maximum," indicating that it felt a sentence above that maximum was appropriate. See United States v. Smith, ___ F.3d ___, No. 03-10171 (5th Cir. June 18, 2005), 2005 WL 1663784 at *4. The court also cited several reasons for the departure, including findings that Nelson's Category I criminal history score under-represented his criminal background, that the offense involved a large number of visual

depictions not accounted for by Nelson's offense level, and that Nelson had made inappropriate sexual comments to a nine-year-old girl only a few days before his arrest for the instant offense. Because the Government has demonstrated that any error under Booker was harmless, we AFFIRM Nelson's sentence.

Insofar as Nelson argues that individual offense-level increases under the Guidelines violated his rights under Booker and affected the guideline range from which the district court departed upward, that claim is raised for the first time on appeal and is reviewable for plain error only. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). Nelson, who admitted most of the facts upon which these offense-level increases were based, has not shown that any Booker error with regard to these increases violated his substantial rights. See id. at 521.

The sentence is AFFIRMED.