United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

04-21014

———————————————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DEMARCUS LACARL JONES,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas

--------------------

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Demarcus LeCarl Jones appeals his sentence after entering a guilty plea for being a felon in possession of a firearm. Finding that any Booker error in the district court's discretionary upward departure was harmless, we affirm.

I.

Jones' presentence report (PSR) calculated his guideline sentence range at 46 to 57 months. Jones filed no objections to the PSR. At sentencing, the district court departed upward and sentenced Jones to the statutory maximum sentence of 120 months. As justification, the court noted that based on the police report

Jones was driving a car and in possession and under the influence of drugs at the time of the current offense. The court found that this behavior seriously endangered the public and seriously aggravated the offense. The court also alluded to charges on two state court offenses that occurred after the instant offense in which Jones apparently possessed guns and "used them in personal violence." Based on Jones' persistent use of firearms or violence against others, and the public endangerment he created while committing the instant offense, the district court departed upward seven levels to a guideline range of 97 to 121 months of imprisonment.

Jones objected to the upward departure on the basis that it was based on facts not proven beyond a reasonable doubt to a jury or admitted by Jones. The district court overruled the objections and sentenced Jones to 120 months in prison, the statutory maximum for his offense, and three years of supervised release. Jones appeals.

II.

Jones argues that the district court violated his Sixth Amendment rights under Booker when it based its upward departure, at least in part, on judicially found facts. Jones' objection to the upward departure in the district court preserved this challenge. "[I]f either the Sixth amendment issue presented in Booker or the issue presented in Fanfan is preserved in the district court by objection, [this court] will ordinarily vacate

the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005). The government bears the burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the Booker error did not contribute to the sentence he received. United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). In other words, the government must point to evidence in the record showing that the district court "would have imposed the same sentence under an advisory sentencing scheme." United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).

In several unpublished opinions, we have found harmless error in cases in which the district judge expressly stated that it would impose the same sentence under an advisory system or expressed disappointment that the statutory maximum sentence that it imposed was not greater. United States v. Nelson, 2005 U.S. App. LEXIS 17938 (No. 04-11443, unpublished); United States v. Green, 2005 U.S. App. LEXIS 24480 (No. 04-30795, unpublished); United States v. Ben, 2005 U.S. App. 23778 (No. 04-50648, unpublished). Although the record in this case does not include similar explicit statements as to what the district court would do under an advisory scheme, it does contain other evidence that the district court would have imposed the maximum statutory sentence under either a mandatory or advisory guideline scheme.

The district court ordered an upward departure in Jones' case under the authority of U.S.S.G. § 5K2.0. The decision to depart from a guideline sentence "embodies the traditional exercise of discretion by the sentencing court." U.S.S.G. § 5K2.0 Commentary, citing Koon v. United States, 518 U.S. 81 (1996). A court has substantial discretion under the guidelines to depart from the recommended guideline range. In other words, an upward departure is in no sense mandatory. Booker only struck down the mandatory application of the guidelines when calculations were based on facts not found beyond a reasonable doubt by a jury or admitted by the defendant. United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005). As the facts relied on by the district court in making the upward departure were not applied to a mandatory provision of the guidelines, there is arguably no Booker error.

Whether exercise of a court's discretion to depart upward is a decision made under a "mandatory Guidelines regime," as needed for Booker error, is a matter of some uncertainty. See United States v. Vernier, 2005 U.S. App. LEXIS 22049 (11th Cir. 2005), comparing United State v. May, 413 F.3d 841, 848 (8th Cir. 2005)(stating that it is "unclear" whether a departure within the district court's discretion is Booker error), with United States v. Cunningham, 405 F.3d 497, 504 (5th Cir. 2005)("To the extent that [defendant] argues that the court's upward departure [not

mandated by the guidelines] violates the Sixth Amendment, he is correct.").

We need not decide that question, because even assuming that Jones can establish <u>Booker</u> error under these circumstances, we find any error to be harmless. <u>United States v. Rodriquez-Chavez</u>, 2005 WL 2995594 (10th Cir. 2005)(Assuming arguendo that defendant's argument that an upward departure based on prior convictions violated <u>Booker</u>, and proceeding to find no harmless error.) There is no argument that the mandatory nature of the guidelines affected the district court's sentencing decision in any way. The district court properly calculated Jones' guidelines sentence, without objection from Jones, and then exercised its discretion to depart from the sentence that would result from a mandatory application of the guidelines. Jones' only argument under <u>Booker</u> is that the district court's use of judge found facts to support the upward departure violates <u>Booker</u> and <u>Blakely</u>. He makes no argument of <u>Booker</u> error in relation to the calculation of the base mandatory guideline sentence.

In this aspect, this case is distinguishable from a similar case decided by the Seventh Circuit. In <u>United States v. Burke</u>, 425 F.3d 400, 416-17 (7th Cir. 2005), the Seventh Circuit found the government failed to establish harmless error from alleged <u>Booker</u> error as to a sentence that included an upward departure. Burke had been convicted of perjury. The guidelines directed the district court to apply the guideline relevant to the criminal

offense with respect to which the defendant gave false testimony. The court stated that the guidelines directed it to apply a certain cross-referenced guideline that triggered additional enhancements. The district court then upwardly departed because the criminal history category under-represented Burke's criminal past and likelihood of recidivism. The court sentenced Burke in the middle of the range resulting from the increased criminal history category and the enhanced offense level. Burke argued that his sentence violated Booker, without limiting his argument to the upward departure as does Jones. Because the district court's calculation of Burke's base guideline sentence, including the cross-referencing guideline and several enhancements, was affected by a mandatory application of the guidelines, the Seventh Circuit found that the government had not established that the district court would have imposed the same sentence had the guidelines been merely advisory. Our case differs in two material respects - the nature of the defendant's Booker challenge to his sentence and the fact that the district court in Jones' case upwardly departed to the statutory maximum sentence.

The district court imposed the upward departure because Jones' case did not involve the mere possession of a firearm by a convicted felon. The departure reflected the court's concern with the seriousness of Jones' weapon possession while under the influence of drugs and his pattern of actually using weapons that he possessed. These are appropriate factors for an upward

departure and Jones does not assert otherwise.  U.S.S.G. § 5K2.0(a)(1)(A), (3).  The district court found that an offense level of 28 appropriately reflected the seriousness of the circumstances of Jones' offense.  The court also specifically stated that a six-level upward departure would be insufficient and that an eight-level departure would be too much.

Under the specific facts of this case, in which the defendant's <u>Booker</u> challenge is addressed only to a discretionary aspect of the sentencing guidelines, we find that the government has met its burden of establishing beyond a reasonable doubt that any <u>Booker</u> error did not contribute to the sentence Jones received.  Additionally, the fact that the district court departed up to the statutory maximum sentence further supports the conclusion that the district court would have imposed the same sentence under an advisory sentencing scheme.[1]

IV.

For the foregoing reasons, Jones' sentence is AFFIRMED.

---

[1]  Jones argument that a retroactive application of <u>Booker</u>'s remedial holding to his case on remand would violate the Ex Post Facto clause is foreclosed by this court's decision in <u>United States v. Scroggins</u>, 411 F.3d 572, 576 (5th Cir. 2005).