United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-60490

Summary Calendar

---

United States of America

Plaintiff-Appellee,

versus

Mack Arthur Bowens

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Mississippi

---

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mack Arthur Bowens was convicted of various drug distribution and possession charges, as well as obstruction of justice. We affirmed.[1] After the Supreme Court decided *United States v. Booker*,[2] it vacated Bowens's sentence and remanded to this Court for further consideration in light of that

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*United States v. Bowens*, 108 Fed. Appx. 945 (5th Cir. 2004) (per curiam).

[2]125 S.Ct. 738 (2005).

decision.  We requested and received supplemental letter briefs addressing the impact of *Booker*.

As Bowens preserved his *Booker* issue at the district court, we review for harmless error.[3]  Under harmless error review, the burden is on the government to point to evidence that would prove, beyond a reasonable doubt, that the district court would not have sentenced the defendant differently.[4]  We have noted that this is an "arduous burden" and that this Court "will ordinarily vacate and remand" when *Booker* error has been preserved.[5]  Here, the government cannot meet that burden.  The government cannot point to anything in the record suggesting that the judge would have imposed the same sentence upon Bowen absent the mandatory guidelines.[6]

Accordingly, we REMAND to the district court to allow the district court to resentence Bowens if, in its discretion under the now-advisory Guidelines, it chooses to do so.

---

[3]*United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005).

[4]*United States v. Akpan*, 407 F.3d 360, 367 (5th Cir. 2005).

[5]*United States v. Pineiro*, 410 F.3d 282, 284-87 (5th Cir. 2005) (quoting *Mares*, 402 F.3d at 520 n.9).

[6]*Cf. United States v. Saldana*, 427 F.3d 298, 314-15 (5th Cir. 2005) (finding preserved *Booker* error harmless when the sentencing judge stated that should the Supreme Court hold the federal guidelines unconstitutional, the court would impose the same sentence); *United States v. Nelson*, 145 Fed. Appx. 82, 83 (5th Cir. 2005) (finding preserved *Booker* error harmless when the sentencing judge expressed disappointment that there was not a greater statutory maximum and indicated that a sentence above the maximum would have been appropriate).