United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11272

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO GONZALEZ-ESQUIVEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
No. 3:04-CR-214-ALL-G
--------------------

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM[*]

Rigoberto Gonzalez-Esquivel (Gonzalez) appeals from his sentence after pleading guilty to a single count of illegal reentry after having been removed from the country.  Finding no error, we affirm.

I.

The only relevant facts in this case relate to Gonzalez's criminal history and sentence, which was imposed before Booker. Gonzalez is a national and citizen of Mexico.  During 1998, Gonzalez was ordered removed from the United States on two

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

separate occasions.  On at least 13 other occasions he was apprehended for being illegally in the United States and allowed to voluntarily return to Mexico.  In September 2001, Gonzalez illegally entered the United States through Laredo, Texas.  In May 2004, Gonzalez was arrested in Dallas, Texas for failure to identify and a probation violation and the charges in this case were instituted.

The Presentence Investigation Report (PSR) fixed Gonzalez's base offense level at 8 pursuant to USSG § 2L1.2(a).  His offense level was increased by 8 pursuant to USSG § 2L1.2(b)(1)(C) because Gonzalez had previously been deported after conviction for an aggravated felony (possession of cocaine).  After a three level deduction for acceptance of responsibility, Gonzalez's offense level was set at 13.  Three prior convictions resulted in 5 criminal history points.  The PSR assessed two additional criminal history points because the instant offense occurred while Gonzalez was on probation.  The resulting offense level of 13 and criminal history category of IV yielded a guideline sentencing range of 24 to 30 months.

Gonzalez filed several objections to the PSR including arguments (1) that the application of the 8 level enhancement based on his previous conviction for an aggravated felony violates Blakely; (2) that the enhancements to the calculation of his criminal history violate Blakely and Apprendi; and (3) that

the guidelines as a whole are unconstitutional.  The district court rejected these objections.  At sentencing, following the suggestion of the PSR, the district court imposed an upward departure under USSG § 4A1.3(a)(2)(C) and (E) and sentenced Gonzalez to 60 months imprisonment.  Gonzalez appeals.

## II.

Gonzalez argues first that his prior aggravated felony conviction should have been alleged in the indictment and proven beyond a reasonable doubt.  He concedes that this argument was rejected by the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998) and is foreclosed by Fifth Circuit authority.  United States v. Garza-Lopez, 410 F.3d 268, 276 (5ᵗʰ Cir.), cert. denied, 126 S. Ct. 298 (2005).

## III.

Gonzalez argues next that his case should be remanded for resentencing because he was sentenced under the mandatory guidelines systems ruled unconstitutional in Booker.  He argues that the court committed Booker violations by enhancing his offense level based on a prior conviction of an aggravated felony and by increasing his criminal history category because he committed the instant offense while on probation.  These arguments are without merit.

Booker error requires consideration of a fact in sentencing (other than a prior conviction) that was not found by the jury or

admitted by the defendant. United States v. Booker, 125 S.Ct. 738, 747, n.1 (2005); United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005). Both the enhancement and the increase in criminal history category Gonzalez complains of rest solely on the facts of Gonzalez's prior convictions.

Gonzalez also claims Booker error on the basis that he was sentenced under a mandatory, rather than a discretionary, guideline system (Fanfan error). This argument ignores the fact that after considering the mandatory elements of the guidelines, the district court in Gonzalez's case elected to exercise its discretion to upwardly depart and impose a sentence that was not bound by the previously mandatory guidelines. We question, as we have done before, "[w]hether exercise of a court's discretion to depart upward is a decision made under a 'mandatory Guidelines regime,' as needed for Booker error." United States v. Jones, 435 F.3d 541, 543 (5th Cir. 2006). Again, we need not decide that question, because even assuming Gonzalez can establish Booker error under these circumstances, we find any error to be harmless. Id.

Cases support the view that when the district court departs upwardly, this discretionary increase in the sentence is enough to demonstrate that the error is harmless, i.e., that the district court would not have imposed a lighter sentence in an

advisory regime.  Id.(citing United States v. Rodriquez-Chavez, 153 Fed.Appx. 524 (10th Cir. 2005)).

In addition, the record as a whole demonstrates that the judge in this case knew that the upward departure was discretionary.  The district court reviewed the provisions of the sentencing guidelines that permitted discretionary departure.  USSG § 4A1.3(a)(1), (2)(C) and (E).  It reviewed the defendant's conduct that satisfied the conditions of these provisions including the fact that he violated his supervised release by re-entering the United States, that on at least 13 occasions he entered the United States illegally without being arrested, and that his use of many aliases made tracking his whereabouts and criminal activity difficult.  The district court concluded that "there is a substantial likelihood that the defendant will continue to enter the United States illegally" and that "he has been undeterred previously by other sanctions within the criminal justice system such as probation or deportation."  Noting that the Fifth Circuit had previously upheld a departure from a guidelines range of 27 to 33 months up to 60 months, the district court sentenced the defendant to 60 months imprisonment.  Although the district court at one point referred to the upward departure using the word "must", the single use of this word does not overcome the remainder of the record which reflects that the

district court was clearly making a discretionary decision in imposing the upward departure.

Accordingly, we conclude that the government has borne its burden of demonstrating that any error was harmless by establishing beyond a reasonable doubt that the Booker error did not contribute to the sentence Gonzalez received and that the district court would have imposed the same sentence under an advisory system.  Jones, 435 F.3d at 543.

IV.

Gonzalez argues finally that the Due Process clause prevents the imposition of a sentence above the maximum sentencing limits as the merits majority in Booker defined the concept.  He asks this court to hold that the Ex Post Facto clause is incorporated into the Due Process Clause, thereby precluding application of the remedial majority opinion in Booker to "pipeline defendants" such as himself.  These arguments are foreclosed by United States v. Scroggins, 411 F.3d 572, 577 (5th Cir. 2005).

V.

For the foregoing reasons, we affirm Gonzalez's sentence. AFFIRMED.