**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20632
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIAM DELAWRENCE LEWIS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-118-ALL
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William DeLawrence Lewis pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base and one count of possession of a firearm in relation to a drug-trafficking offense. The presentence report (PSR) concluded that Lewis's Sentencing Guidelines range for count one was 135 to 168 months of imprisonment, followed by a mandatory 60-month sentence as to count two. The district court departed upward because the Guidelines did not adequately sanction either the number or type of weapons Lewis possessed or Lewis's uncharged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bank fraud activity detailed in the PSR. See U.S.S.G. §§ 5K2.0, 5K2.21. The court sentenced Lewis to 210 months of imprisonment as to count one and 60 months of imprisonment as to count two, the sentences to run consecutively. The court also imposed two concurrent five-year terms of supervised release and a $200 special assessment.

Lewis argues that the district court erred in treating the Sentencing Guidelines as mandatory. See United States v. Booker, 543 U.S. 220, 258-68 (2005). This court has termed such error "Fanfan" error. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). An objection made under Blakely v. Washington, 542 U.S. 296 (2004), like the one Lewis made to the district court's upward departure, preserves "Fanfan" error for appellate review. United States v. Rodriquez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006). The Government bears the burden to show that "Fanfan" error was harmless beyond a reasonable doubt. United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).

In United States v. Jones, 435 F.3d 541, 543 (5th Cir.), cert. denied, 126 S. Ct. 1592 (2006), we pointed out that "whether exercise of a court's discretion to depart upward is a decision made under a 'mandatory Guidelines regime' . . . is a matter of some uncertainty." Even if we assume that Lewis can establish "Fanfan" error, we find any error to be harmless, as in Jones. See id. The record demonstrates that the district court

knew that the upward departure was discretionary, particularly as both the Government and Lewis argued for a sentence at the low end of Lewis's Guideline range. In explaining its decision, the district court noted that it found Lewis "more dangerous to the community than the average or the heartland" drug offender. The district court reviewed both of the Guideline provisions supporting upward departure, see U.S.S.G. §§ 5K2.0, 5K2.21, and the defendant's conduct satisfying the conditions of those provisions in reaching its decision.

Accordingly, we conclude that the Government has borne its burden of demonstrating that any error was harmless beyond a reasonable doubt, as the district court's statements indicate it would have imposed the same sentence under an advisory regime. For the foregoing reasons, we AFFIRM Lewis's sentence. The Government's motion to strike portions of Lewis's reply brief and alternative motion to file a sur-reply is DENIED.