## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2012

Lyle W. Cayce
Clerk

No. 11-40588
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES BAYLOUS WHITE, also known as Buck White,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-18-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Baylous White pleaded guilty to one count of conspiring to possess pseudoephedrine, a List 1 chemical, with intent to manufacture a controlled substance or with knowledge or reasonable cause to believe that the listed chemical would be used for the unauthorized manufacture off a controlled substance. He appeals the statutory maximum sentence of 240 months of imprisonment imposed by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40588

White first argues that the district court erred procedurally by treating the guideline sentence of 240 months of imprisonment as mandatory. He concedes that he failed to preserve this issue by objecting in the district court, but he argues that this court's review should be for abuse of discretion because the error resulted in a sentence that was in violation of law and because preservation rules should be relaxed in the sentencing context.

A district court commits procedural error by, *inter alia*, "treating the Guidelines as mandatory." *Gall v. United States*, 552 U.S. 38, 51 (2007). White's failure to raise the issue in the district court results in plain error review. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008). To establish plain error, White must demonstrate an error that is clear or obvious and that affects substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* "To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court." *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). We have not followed other circuits in relaxing the showing required on the substantial rights prong in the sentencing context. *Id.*

Here, because the statutory maximum sentence was less than the minimum of the guideline range, the statutorily authorized maximum sentence was the guideline sentence. *See* U.S.S.G. § 5G1.1(a). Assuming *arguendo* that the district court's statement that White's sentence was "fixed" under the guidelines at 240 months establishes that the district court erred procedurally by treating the guideline sentence as mandatory, White fails to establish that the error affected his substantial rights, as he has pointed to nothing of record to show that the district court would have imposed a lower sentence but for the procedural error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).

He is therefore not entitled to relief under the plain error standard. *See Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 365.

White next contends that the district court erred in imposing a two-level enhancement under § 2D1.11(b)(1) for possession of a dangerous weapon. He argues that the Government did not meet its burden to establish a sufficient temporal connection between the firearm and drug trafficking. In the alternative, he asserts that he established that it was clearly improbable that the .22 caliber rifle found in the van he was driving was connected to drug trafficking.

"That the firearms possessed were not the usual firearms or tools of the trade, does not render the court's findings clearly erroneous." *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993). Here, although there was no pseudoephedrine in the van at the time the .22 caliber rifle was found, receipts indicating purchases of pseudoephedrine were found in the van, along with a number of items suggestive of methamphetamine manufacture. Pseudoephedrine is an immediate precursor to methamphetamine. *United States v. Jessup*, 305 F.3d 300, 304 (5th Cir. 2002). In view of the foregoing, the Government adequately established the required temporal and spatial relationships between White, the weapon, and the drug trafficking activity. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). The district court's decision to apply the two-level enhancement of § 2D1.11(b)(1) was not clearly erroneous. *See United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001).

White also contends that the district court erred in imposing a three-level enhancement for his role in the offense. The enhancement applies "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." § 3B1.1(b).

No. 11-40588

Instructing others to obtain precursors for the manufacture of methamphetamine is evidence of a managerial or supervisory role. *See United States v. Lewis*, 476 F.3d 369, 390 (5th Cir. 2007); *United States v. Mesner*, 377 F.3d 849, 851 (8th Cir. 2004). The district court's determination that White supervised co-conspirator Bertha Mae Russell in obtaining pseudoephedrine pills and that the criminal activity involved five or more participants is adequately supported by the record and is not clearly erroneous. *See Lewis*, 476 F.3d at 390.

AFFIRMED.