**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 12-41303
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2708-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Villarreal appeals the concurrent 80-month prison sentences imposed following his guilty plea convictions for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. He first contends that the district court erred by refusing to award the third-level reduction for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(b) based on the Government's failure to move for the reduction because he refused to waive his right of appeal. As Villarreal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes, this argument is foreclosed by *United States v. Newson*, 515 F.3d 374, 376-79 (5th Cir. 2008).

Next, Villarreal argues that the district court committed procedural error by relying on improper factors in imposing sentences above his advisory guidelines range and by failing to justify its reliance on those factors. Specifically, he contends that, contrary to the policy statements of the United States Sentencing Commission set forth in § 5H1.1, § 5H1.2, § 5H1.5, and § 5H1.6, the district court improperly relied on his age, vocational skills, employment record, and family ties and responsibilities in making its sentencing decision and, then, compounded the error by failing to explain why these prohibited factors were so important that the policy statements should not apply.

Villarreal did not object to his sentences on these grounds in the district court; therefore, the plain error standard of review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To prevail, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). When these elements are shown, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted).

Even if it were assumed that the district court relied on Villarreal's age, vocational skills, employment record, and family ties and responsibilities in making its sentencing decision, there was no clear or obvious error. *Cf. United States v. Simmons*, 568 F.3d 564, 567-69 (5th Cir. 2009) (holding that a sentence is procedurally unreasonable where a district court limits its own discretion by failing to consider whether its disagreement with a policy statement warrants a variance sentence). In any event, the record does not support Villarreal's contentions. Accordingly, his arguments of procedural error are unavailing.

Finally, Villarreal argues that his sentences are unreasonable because the district court relied on improper factors, that the record does not support the

district court's decision to impose upward variance sentences, and that the court should have instead imposed downward variances to compensate for the Government's failure to move for the additional one-point reduction of his offense level.

This court reviews "the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir.) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), *cert. denied*, 131 S. Ct. 3006 (2011). To determine the substantive reasonableness of a sentence, we consider "the totality of the circumstances, granting deference to the district court's determination of the appropriate sentence based on the [18 U.S.C.] § 3553(a) factors." *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011) (internal quotation marks and citations omitted). If a district court deviates from the guidelines range, we defer to the district court's determination that the § 3553(a) factors warrant the extent of the variance. *Id.* A significant deviation does not constitute an abuse of discretion if it is "commensurate with the individualized, case-specific reasons provided by the district court." *Id.* at 338 (internal quotation marks and citation omitted). A variance sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

For the reasons noted above, Villarreal's arguments of procedural error do not demonstrate reversible plain error and, thus, also do not support his argument of substantive unreasonableness. In a detailed explanation of its sentencing decision, the district court made an individualized assessment and considered the advisory guidelines range, the applicable statutory penalty, the facts set forth in the presentence report, the arguments made by the parties, Villarreal's statement on his own behalf, and the sentencing factors of § 3553(a).

In particular, the court emphasized the need for Villarreal's sentences to reflect the seriousness of his instant offenses, promote respect for the law, deter future criminal conduct, and protect the public. Although the variance in this case was 17 months above the top of Villarreal's advisory guidelines range, it was not unreasonable. *See McElwee*, 646 F.3d at 344-45; *United States v. Saldana*, 427 F.3d 298, 315-16 (5th Cir. 2005).

Given the significant deference due to a district court's consideration of the § 3553(a) factors and the court's reasons for its sentencing decision, Villarreal has not demonstrated that his sentences are substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *McElwee*, 646 F.3d at 346-47.

The judgment of the district court is AFFIRMED.