# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2708-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Hector Villarreal pleaded guilty to conspiracy and substantive drug offenses involving possession of marijuana. At sentencing, the Government refused to move for an additional one-level reduction under the U.S. Sentencing Guidelines for acceptance of responsibility because Villarreal refused to waive his right to appeal. Villarreal challenged the denial of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41303

additional acceptance point on appeal, but we affirmed because his argument was foreclosed by then-circuit precedent. *See United States v. Villarreal*, 540 F. App'x 365 (5th Cir. 2013). The Supreme Court vacated our judgment and remanded for further consideration in light of the position asserted by the Solicitor General in his brief on behalf of the United States concerning Amendment 775 to the Sentencing Guidelines. *See Villarreal v. United States*, 134 S. Ct. 1939 (2014). We requested supplemental briefs from the parties, and we now again affirm Villarreal's sentence.

Amendment 775, which became effective on November 1, 2013, provides that "[t]he government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. supp. to app. C, amend. 775, at p.43 (2013). In light of this amendment, the Government concedes that the denial of the third acceptance point to Villarreal for acceptance of responsibility was a procedural error. The Government argues, however, that the error was harmless because the district court imposed a non-Guideline sentence and would have imposed the same sentence regardless of the procedural error. We agree.

We have held that when the district court imposes a non-Guideline sentence that did not "directly result" from a Guideline error, the sentence need not be vacated. *See United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (internal quotation marks and citation omitted). The Government, as the proponent of the sentence here, must meet a heavy burden of convincingly showing "that the district court would have imposed a sentence outside the correct Guidelines range for the same reasons it gave for imposing a sentence outside the miscalculated Guidelines range." *United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010). It must also show that the "sentence the district court imposed was not influenced in any way by the erroneous

No. 12-41303

Guidelines calculation." *Id.* at 719. The Government must "point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *Id.* at 718 (internal quotation marks and citation omitted). We conclude that the Government has met its burden here.

Villarreal was sentenced based on a total offense level of 20 and a Guideline range of 51 to 63 months. The district court went beyond that range, however, and sentenced Villarreal to two concurrent terms of 80-months. If Villarreal had been granted the third point for acceptance of responsibility, his offense level would have been 19 and his guideline range would have been 46 to 57 months.

When it imposed the 80-month sentence, the district court expressed great concern about Villarreal's criminal history and the fact that the instant case marked Villarreal's fourth conviction for a drug offense. After an extensive discussion of Villarreal's criminal history, the district court stated as follows:

> The guideline range that I have . . . is 51 to 63 months. . . . Very frankly, you know, I think we ought to be looking at something much higher because, as I said, you know, in the past really ten years, less than ten years, you have accumulated four convictions now. And I honestly don't know, Mr. Villarreal, whether I can expect anything different when you come out. You're still a young man. And it's been, sad to say, that this appears to be your resort whenever you think you need some extra money.

> So under all the circumstances, Mr. Villarreal, while the court has sustained the objection as far as the use of a minor, the court nonetheless believes that a sentence above the guidelines range is warranted here. The court is going to sentence you, Mr. Villarreal, to a term of 80 months in custody.

No. 12-41303

The Court has considered all the [§ 3553(a)] factors that it's required to consider. Of primary concern to the court here is the need to reflect the seriousness of this offense, especially, as I said, in light of the fact that this is now fourth conviction for the similar conduct. It is also necessary to promote respect for the law, to afford adequate deterrent to future criminal conduct, and to protect the public from further crimes committed by you.

So for all those reasons, the court sentences you to a term of 80 months in custody as to each one of the counts.

Because the court did not consider a sentence within the 51-to-63-month Guideline range to be long enough, it clearly would not have considered a sentence within the correctly calculated range of 46-to-57 months to be long enough. Therefore, the district court's explanation of the sentence indicates that the court would have imposed a non-Guideline sentence for the same reason even if it had considered the correct Guideline range. *See Ibarra-Luna*, 628 F.3d at 719. We are also convinced that the district court would have imposed the same sentence. Several factors combine to inform our conclusion.

First, the district court never referred to the incorrect Guideline range as a basis for its calculation, and it instead focused on the § 3553(a) factors as the reason for its sentence. *See United States v. Ramos*, 739 F.3d 250, 254 (5th Cir. 2014). Second, the chosen sentence of 80 months is not a multiple or derivative of either the minimum or maximum of the incorrect Guideline range, which suggests that the Guideline range did not influence the sentence. *See Ibarra-Luna*, 628 F.3d at 719 (holding procedural Guideline error was not harmless where *inter alia* the sentence imposed was exactly double the Guideline maximum and triple the Guideline minimum); *cf. United States v. Mendoza-Perez*, 496 F. App'x 431, 437 & n.19 (5th Cir. 2012). Finally, and most important, the district court took care to explain that the 80-month sentence was required by Villarreal's extensive criminal history, the need for

4

the sentence to reflect the seriousness of the offense, the requirement of promoting respect for the law, and the goal of affording adequate deterrence of and protection from future crimes by Villarreal.   The district court thus indicated that the sentence was "based on independent factors" and was not influenced by the incorrect Guideline range.  *Id.* We are convinced that the district court would have imposed the very same sentence if it had not made an incorrect Guidelines calculation, and the error is therefore harmless.

AFFIRMED.