# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2021

Lyle W. Cayce
Clerk

No. 20-11087

United States of America,

*Plaintiff—Appellee*,

*versus*

Cyze Ajjan Rodgers,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-565

ON PETITION FOR REHEARING

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Cyze Ajjan Rodgers was sentenced to 116 months of imprisonment and three years of supervised release for possession of a firearm by a convicted felon. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Rodgers

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11087

appealed, arguing that the district erred in considering his two prior Texas assault offenses as "crimes of violence." On June 4, 2021, the court held that Rodgers' "crime of violence" argument was foreclosed. *United States v. Rodgers*, 849 F. App'x 139 (5th Cir. 2021) (mem.). Then, on June 10, 2021, the Supreme Court decided *Borden v. United States*, 141 S. Ct. 1817 (2021). In *Borden*, the Court held that the Armed Career Criminal Act's "violent felony" elements clause—which requires a finding of the "use of physical force against the person of another"—does not include "offenses criminalizing reckless conduct." *Id.* at 1825.

Following *Borden,* Rodgers petitioned for panel rehearing, claiming that *Borden*'s holding necessarily applies to him. We agree that it is appropriate to grant Rodgers' petition for rehearing and withdraw our prior opinion, *United States v. Rodgers*, 849 F. App'x 139 (5th Cir. 2021) (mem.), because our prior opinion was based solely on grounds that *Borden* now calls into question. In issuing this substitute opinion, however, we need not reach *Borden* because: (1) Rodgers cannot establish the third prong of plain error review even if *Borden* applies; and (2) any guideline error is harmless.[1]

"We take the district court at its clear and plain word." *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016). The district court explicitly stated, twice, that it would have imposed the same sentence even if it erred in its guideline calculations—a sentence near or equivalent to the

---

[1] *See* Fed. R. App. P. 40 (a)(4)(A) ("If a petition for panel rehearing is granted, the court may . . . make a final disposition of the case without reargument.").

statutory maximum.   *See* ROA.144 ("[E]ven if I got the guidelines calculations wrong, I would have imposed the same sentence, had I not made that mistake, and I would have done so for the same reasons that I articulated just previously."); ROA.230 ("[E]ven if the correct guideline range was not considered, the Court would have imposed the same sentence had it not made the error, and it would have done so for the same reasons given during the sentencing hearing regardless of the applicable guideline range."); *see also* ROA.141–42 (considering the § 3553(a) factors and noting that the court was particularly concerned with the defendant's criminal history and the need to protect the public from the defendant); ROA.136 ("I was dead set on [the statutory maximum] when we came in today.").

Notwithstanding the district court's clarity, Rodgers contends that the district court intended to impose a within-guideline sentence. As we read the record, that is not the case. At sentencing, the government asked the district court to impose the statutory maximum sentence. The initial guideline range was 110 to 137 months, but the statutory maximum capped the range at 120 months. After defense counsel argued for a deviation, the court stated that it was "dead set on 120"—the statutory maximum—"when we came in today." ROA.136. The court then referenced the "stat max" as its starting point and deviated from that maximum by four months after defense counsel argued that Rodgers was entitled to leniency for foregoing trial. While the court noted that the sentence imposed was within the guideline range, it further noted that it would have given the same sentence

regardless of the range because of Rodgers' violent history. Thus, Rodgers' argument is unavailing.

Given that the district court was "dead set" on issuing a maximum, or near-maximum, sentence, Rodgers cannot establish that any error affected his substantial rights. *See United States v. White*, 495 F. App'x 549, 551 (5th Cir. 2012) (per curiam) (holding that the defendant could not establish that an assumed error affected his substantial rights when he could not point to anything in the record "to show that the district court would have imposed a lower sentence" but for the error). Likewise, any guideline error was harmless. *See United States v. Groce*, 784 F.3d 291, 296 (5th Cir. 2015) ("Whether the district court applied the maximum allowable sentence is likewise relevant to the harmless-error inquiry." (collecting cases)), *superseded by regulation as stated in United States v. Segura-Resendez*, 812 F. App'x 283 (5th Cir. 2020) (mem); *see also United States v. Jones*, 435 F.3d 541, 543 (5th Cir. 2006) (holding that any guideline calculation error was rendered harmless when the district court "would have imposed the maximum statutory sentence"), *cert. denied*, 547 U.S. 1029 (2006). Consequently, we re-affirm Rodgers' sentence. [2]

IT IS ORDERED that the petition for panel rehearing is GRANTED.

---

[2] The court is aware that if Rodgers succeeded on his *Borden* claim, then his guideline range could be significantly reduced. Nonetheless, the district court emphasized that it was determined to impose the statutory maximum; thus, any change in the applicable guideline range would not change Rodgers' sentence.

No. 20-11087

IT IS FURTHER ORDERED that Rodgers' sentence is AFFIRMED.