# United States Court of Appeals for the Fifth Circuit

No. 20-50765
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Derek Loyd Ward,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-179-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Derek Loyd Ward appeals the sentence imposed following his guilty plea conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Ward argues that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F) for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50765

the knowing distribution of child pornography, and also that the district court abused its discretion by upwardly departing from the Guidelines and imposing the maximum sentence allowed by Ward's statute of conviction.

First, Ward argues that the factual findings on which the district court based the two-level sentencing enhancement were clearly erroneous. Even if the district court erred, however, we "may affirm the sentence . . . if that error [wa]s harmless." *United States v. Robinson*, 741 F.3d 588, 601 (5th Cir. 2014). A sentencing error is harmless "if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

Here, the Government carried its burden of showing that any error was harmless. The applicable range of sentences established by the federal Guidelines was 97 to 121 months' imprisonment after application of the two-level enhancement pursuant to § 2G2.2(b)(3)(F); without the enhancement, the range would have been 78 to 97 months. *See* U.S.S.G. Ch. 5, Pt. A. The district court, however, sentenced Ward to 240 months' imprisonment—the maximum permitted by his statute of conviction. The judge explained that he considered Ward's conduct so egregious as to warrant the maximum term of incarceration, and even expressed doubt about whether the maximum was severe enough given the seriousness of the offense. The judge also ordered that Ward's sentence be served consecutively to whatever sentence may be imposed for the state charges pending against him for aggravated child abuse, rejecting Ward's counsel's request that the sentences run concurrently. It follows from all of this that, even if the district court had found that the shorter range set by the Guidelines applied, it would have imposed the same 240-month sentence for the same reasons. We have recognized that "the fact that [a] district court departed up to the statutory maximum sentence . . .

2

supports the conclusion that [it] would have imposed the same sentence under an advisory sentencing scheme." *United States v. Jones*, 435 F.3d 541, 544 (5th Cir. 2006). Moreover, "the chosen sentence" in this case "is not a multiple or derivative of either the minimum or maximum of the incorrect Guideline range, which suggests that the Guideline range did not influence the sentence." *United States v. Villarreal*, 577 F. App'x 299, 301 (5th Cir. 2014). For the foregoing reasons, we hold that any error in determining the applicable Guidelines range was harmless, and we therefore need not decide whether any of the district court's findings were clearly erroneous. *See United States v. Rajwani*, 476 F.3d 243, 248 (5th Cir. 2007).

Next, Ward argues that the district court's upward departure from the range of sentences set by the Guidelines was substantively unreasonable. We review such claims for abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). A district court's upward departure from the Guidelines is not an abuse of discretion if the district court's reasons for departing advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and the departure is justified by the facts. *See Zuniga-Peralta*, 442 F.3d at 347.

Here, the district court's imposition of a 240-month prison sentence meets those criteria. The judge explained that "an upward departure under . . . Section 3553 would . . . reflect the seriousness of [Ward's] offense," "promote respect for the law," "provide just punishment for the offense," and "afford adequate deterrence." These factors correspond to the sentencing considerations laid out in § 3553(a)(2). Moreover, the district court adopted the presentence report, and was entitled to rely on that report's findings, *see United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), which included substantial and unrebutted evidence that Ward had sexually abused his eight-year-old niece, as well as a letter from Ward to the victim that suggested he did not appreciate the wrongful character of his conduct. The Guidelines make clear that "an upward departure may be

warranted" if a "defendant engaged in the sexual abuse or exploitation of a minor at any time (whether or not such abuse or exploitation occurred during the course of the offense or resulted in a conviction . . .)." U.S.S.G. § 2G2.2, comment. (n.9). Furthermore, even assuming that the shorter Guidelines range of 78 to 97 months applied, the extent of the court's departure (just shy of 2.5 times the maximum Guidelines sentence) was reasonable, as we have upheld upward departures of comparable or greater magnitude in the past. *See*, *e.g.*, *United States v. Smith*, 417 F.3d 483, 492–93 & n.40 (5th Cir. 2005) (citing cases); *United States v. Saldana*, 427 F.3d 298, 315 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.