# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2010

Charles R. Fulbruge III
Clerk

No. 09-10217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA LOHMANN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CR-147-4

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joshua Lohmann pleaded guilty to conspiring to distribute 50 grams or more of a mixture and substance containing a detectable amount of metham-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

phetamine. He appeals his sentence, arguing that the district court erred by denying credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

Although following *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory only, and we review an ultimate sentence for reasonableness under an abuse-of-discretion standard, the district court still must properly calculate the guideline-sentencing range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Generally, we review the district court's application of the guidelines *de novo* and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

We accord "even greater deference" than under clear error review to the refusal to grant a reduction for acceptance of responsibility. *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). We will not reverse a denial under § 3E.1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir.), *cert. denied*, 128 S. Ct. 2452 (2008).

Lohmann contends that the district court erred by denying credit for acceptance of responsibility based on his objection to the drug quantity determination set forth in the presentence report ("PSR"). In the district court, Lohmann objected to being held accountable for 23 ounces of methamphetamine on the strength of statements made by co-defendant Cory Mitchell, who indicated that he had obtained methamphetamine from Lohmann's mother and that he had then distributed that methamphetamine to Lohmann. The PSR also reported that Lohmann had made a statement denying that his mother had been involved in methamphetamine distribution.

As Lohmann notes, there was testimony at sentencing from a law enforcement officer to the effect that it was not feasible for drug transactions between Mitchell and Lohmann's mother to have occurred. The district court, however, in overruling Lohmann's objection to drug quantity, implicitly determined that Mitchell's account was accurate. The court's view of the evidence regarding drug

2

quantity is plausible in light of the record, which includes Mitchell's statements as reported in the PSR and other evidence that Lohmann's mother trafficked in methamphetamine. *See United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008); *United States v. Caldwell*, 448 F.3d 287, 291 n.1 (5th Cir. 2006). The denial of a reduction for acceptance of responsibility is not "without foundation." *See Juarez-Duarte*, 513 F.3d at 211.

Accordingly, the judgment is AFFIRMED. Lohman's motion for substitute counsel, which was filed after the completion of briefing, is DENIED.