# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2010

No. 09-10292
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME VAZQUEZ, also known as Jimmy Vazquez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-167-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jaime Vazquez pleaded guilty to conspiracy to distribute 50 grams or more of a substance containing methamphetamine and received a sentence of 360 months in prison. On appeal, he challenges the validity of his sentence. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we determine whether the sentence

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed is procedurally sound and whether it is substantively reasonable. On appeal, Vazquez challenges only the procedural reasonableness of his sentence, asserting that the district court erred in calculating the applicable guidelines range. *See Gall*, 552 U.S. at 51.

Vazquez argues that the district court erred in holding him responsible for 58.63 kilograms of methamphetamine. He contends that because he objected to the drug quantity, the district court was not entitled to rely on the information included in the presentence report (PSR) and the Government had a duty to prove by a preponderance of the evidence the drug quantity attributable to him. The district court may rely on the information in a PSR in the absence of rebuttal evidence. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Vazquez also asserts that the PSR lacks sufficient indicia of reliability because his codefendants were motivated to overinflate the amount of methamphetamine attributable to him out of jealousy or in an attempt to ingratiate themselves with law enforcement. A district court may consider uncorroborated hearsay evidence during sentencing proceedings. *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995). In light of Vazquez's admission that he provided methamphetamine to other conspirators, the generally consistent statements by conspirators about the quantities received, and the evidence of drug manufacturing and money counting found in Vazquez's home, he has not established that the district court clearly erred in accepting the information in the PSR regarding the pertinent drug quantity. *See United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998); *West*, 58 F.3d at 138.

Defendant contends that the district court erred in denying him a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b) in light of his timely guilty plea. Vazquez bears the burden of demonstrating that the reduction was warranted. *See United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996). Conduct constituting an obstruction of justice generally

precludes an acceptance of responsibility reduction. § 3E1.1, comment. (n.4). Vazquez did not dispute the conduct leading to the obstruction-of-justice enhancement under U.S.S.G. § 3C1.1. Additionally, a court considering the reduction must determine whether the defendant "truthfully admitt[ed] or [did] not falsely deny[] any additionally relevant conduct for which the defendant is accountable." § 3E1.1, comment. (n.1(A)). Vazquez's objections constituted attempts to deny or minimize relevant conduct, which the district court found to be meritless. Vazquez has not established that the district court's decision was without foundation. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

Also defendant contends that the district court erred by imposing a four-level enhancement after finding that he was an organizer or leader of the conspiracy. He maintains that because he objected to the finding in the PSR, the district court could not rely upon the information included therein and the Government was required to present evidence supporting the PSR finding. Vazquez bore the burden of proving the PSR was inaccurate, and his bare objection did not rebut that information. *See Ollison*, 555 F.3d at 164; *Parker*, 133 F.3d at 329. He thus has not shown that the district court clearly erred in imposing the enhancement. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). The judgment of the district court is thus AFFIRMED.