# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

No. 11-10394
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE LUIS RASCON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-175-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Rascon pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and was sentenced to 78 months of imprisonment and three years of supervised release. Rascon argues that the district court erred in denying the reduction for acceptance of responsibility pursuant to section 3E1.1(a) of the U.S. Sentencing Guidelines. He argues that the responses to the presentence report (PSR) were couched in terms of counsel's belief and that no factual or legal arguments against the drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantity were included.  He notes that when it became clear that the district court took these responses as objections, defense counsel withdrew the objections and explained that Rascon admitted all relevant conduct.

In his response to the PSR, Rascon objected to the use of his relevant conduct relating to his trafficking of two kilograms of cocaine on eight occasions, recalling only three occasions.  The district court concluded that he had frivolously contested his relevant conduct, which section 3E1.1 explicitly cites as a basis for denial of the reduction for acceptance of responsibility.  U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(A) (2010).  Rascon seeks to characterize his objections as arguments in favor of a downward variance, but the district court's decision to treat his PSR responses as an objection frivolously contesting the probation officer's drug-quantity determination is not without foundation.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam).

Rascon further argues that the denial of the acceptance of responsibility reduction resulted from ineffective assistance of counsel.  We decline to address this claim of ineffective assistance on direct appeal without prejudice to Rascon's right to bring it in a 28 U.S.C. § 2255 proceeding.  *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

AFFIRMED.