# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-30258

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Donta Willis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-43-1

———————————————————————

Before Jones, Clement, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Donta Willis pled guilty to one count of possession with intent to distribute methamphetamine. After calculating a sentencing range of 235 to 293 months under the United States Sentencing Guidelines, the district court sentenced Willis to 264 months in prison. Because the district court adhered

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30258

to correct sentencing procedure, we AFFIRM the within-Guidelines sentence.

## I. Background

In January 2019, the Drug Enforcement Administration ("DEA") enlisted Louisiana State Police Trooper Matthew Titus to tail Willis, whom the agency believed to be distributing meth out of Dallas. Officer Titus pulled Willis over for following too closely behind another vehicle. Willis and his passenger bolted on foot as soon as Titus began to conduct a pat down search. The two were subdued a quarter-mile away, at which point officers found 77 grams of meth on Willis and 29 grams on the passenger. While Willis was in police custody, the DEA searched his Shreveport, Louisiana residence (pursuant to a warrant) and found 447 grams of meth, a stolen pistol, $2,400 in cash, and some ecstasy pills. The DEA confronted Willis with this contraband, and based on his response, searched the residence again and found an additional 295 grams of meth.

A federal grand jury returned a five-count indictment. Willis moved to suppress the statements he made while in custody, and the DEA agreed not to use those statements at trial. In two more motions to suppress, Willis sought to exclude the meth found on his person following the traffic stop, arguing that both the stop and the pat down violated his Fourth Amendment rights. The district court denied both motions.

In September 2021, Willis, represented by counsel, pled guilty to one count of possession with intent to distribute meth. The written factual basis for the plea, which Willis signed, stated: "The total amount of methamphetamine attributable to Willis, as well as any relevant conduct to include additional methamphetamine and a firearm recovered from a residence, will be determined at sentencing." The first presentence investigation report ("PSR") calculated his final offense level at 35 based on

the amount of drugs involved (853 grams of pure meth), his possession of a firearm, his role in the offense, and his acceptance of responsibility. This correlated to a recommended sentencing range of 168 to 210 months in prison.

Willis objected to the PSR, arguing that he should be held accountable only for the drugs found on his person at the traffic stop. The revised PSR removed the three-level deduction for acceptance of responsibility because Willis disputed relevant conduct. This increased the sentencing range to 235 to 293 months.

At sentencing, the district court agreed with the removal of the three point reduction for acceptance of responsibility and sentenced Willis to 264 months in prison. The government upheld its end of the plea agreement and dropped the remaining four counts. Willis timely appealed.

## II. Discussion

### A. Preservation of Claim for Appeal

As an initial matter, we hold that Willis failed to preserve the right to appeal the denial of his pretrial motions to suppress. Thus, we do not reach his Fourth Amendment claim.

By entering a plea of guilty, a defendant waives "any further objection to evidence admitted pursuant to a district court's denial of a motion to suppress." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007), *superseded by rule on other grounds*, Fed. R. Crim. P. 12. If a defendant desires to "preserve the right to appeal a district court's adverse ruling on a pretrial motion," Federal Rule of Criminal Procedure 11(a)(2) requires him to enter a conditional plea "in writing and consented to by the prosecution and the district court." *Id.* "Rule 11(h) allows for variance from Rule 11(a)(2)'s technical conditional plea requirements when the variance

'does not affect substantial rights.'" *Id.* (quoting Fed. R. Crim. P. 11(h)). Such "harmless variances" have been excused where "the record clearly indicates that the defendant intended to enter a conditional guilty plea, that the defendant expressed the intention to appeal a particular pretrial ruling, and that neither the government nor the district court opposed such a plea." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

Willis concedes that the written plea agreement he signed was unconditional. He argues, however, that he expressed his intention to appeal the suppression rulings in his earlier counter plea agreement. That two-page, handwritten document states under the heading "Defendant Obligations" that "Defendant shall relinquish his rights to appeal" and under the heading "Government Obligations" that the government shall "Sentence Defendant based on 116.4 grams (Willis pocket), only." Willis contends that this "overwhelming[ly] indicates" his intention to enter a conditional guilty plea if the government rejected his counteroffer.

The record evidence cited by Willis is insufficient to excuse compliance with Rule 11(a). In *United States v. Santiago*, for example, this court excused a "harmless variance" where the defendant expressly reserved his right to appeal a motion to suppress at his re-arraignment hearing, and neither the government nor the court expressed opposition. 410 F.3d 193, 197–98 (5th Cir. 2005). Also, in *United States v. Fernandez*, this court allowed a variance where the government conceded that the defendant "reserved her right to appeal the suppression issue," although a conditional guilty plea was absent from the record. 887 F.2d 564, 566 n.1 (5th Cir. 1989) (summary calendar).

This case is more like *United States v. Wise*, where the defendant's written plea agreement contained no reservation of any kind, the district court orally reviewed the terms of the unconditional plea agreement at the

plea hearing, and both the defendant and his lawyer confirmed that there was no other agreement between the defendant and the government.  179 F.3d 184, 186–87 (5th Cir. 1999).  On appeal, this court refused to allow a "harmless variance" from Rule 11's requirements.  *Id.*

Here, the written plea agreement signed by Willis and his attorney was expressly unconditional.  ("No other agreement, understanding, promise, or condition exists . . . ."); ("this plea agreement is a complete statement of the parties' plea agreement in this case").  Further, at Willis's change of plea hearing, the district court asked him whether "anyone made a promise to you other than what's contained in this plea agreement that led you to your decision to plead guilty?"  Willis replied, "No, sir."  The district court then asked Willis's attorney if any additional agreement existed between the government and Willis, to which Willis's attorney replied in the negative. This record is void of any clear indication that Willis intended to preserve his right to appeal the denials of his motions to suppress.  Thus, we refuse to reach Willis's Fourth Amendment claim.

## B. Sentencing

Willis also challenges his sentence of 264 months in prison as procedurally unreasonable.[1]  Specifically, he argues that the district court erred by removing the three-point reduction for acceptance of responsibility. "Whether a defendant is entitled to a downward adjustment for acceptance of responsibility is . . . a factual determination.  We will affirm a sentencing court's decision not to award a reduction . . . unless it is 'without foundation,' a standard of review more deferential than the clearly erroneous

---

[1] Willis does not challenge the substantive reasonableness of his sentence.

standard." *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999) (citation omitted).

Here, the district court removed the three-level reduction for acceptance of responsibility on the ground that Willis "frivolously and falsely contested relevant conduct that is clearly attributable to him." *See* U.S.S.G. § 3E1.1, cmt. n.1(A) (A defendant who "falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). The district court cited Willis's objection to the PSR's calculation of his offense level, in which Willis clearly stated that he was disputing all relevant conduct except "the quantity . . . of controlled substances in his actual possession" on the day of the traffic stop.

Willis argues that this was error because his objection merely reflected his shock that 853 grams of meth were attributed to him instead of only the 77 found on his person during the traffic stop. In other words, he was not refusing to accept responsibility, but was arguing in his PSR objections that it was fundamentally unfair to sentence him for possessing 853 grams of meth.

The record supports the district court's assessment that Willis had not accepted responsibility for his possession with intent to distribute offense. The Written Factual Basis, which Willis and his counsel signed, stated that "[t]he total amount of methamphetamine attributable to Willis, *as well as any relevant conduct to include additional methamphetamine and a firearm recovered from a residence*, will be determined at sentencing." (emphasis added). In his PSR objection, Willis objected to the additional evidence recovered from his residence. Importantly, the police found two batches of meth at the Shreveport residence: *first*, 447 grams along with a stolen pistol, ecstasy pills, and cash; *second*, based on Willis's statements, an

No. 22-30258

additional 295 grams.  The court observed, correctly, that Willis agreed that additional meth from his residence would be included at sentencing.  Even if Willis may have had some basis to contest the second batch of meth, he had none whatsoever to challenge the first.  By objecting to the first batch of meth, he frivolously and falsely contested relevant conduct that is clearly attributable to him.  That was the basis for the district court's decision to remove the three-point reduction.  Thus, we cannot say that the district court's decision was without foundation.[2]

AFFIRMED.

_____

[2] This court has dismissed similar challenges on appeal by criminal defendants. *See e.g.*, *United States v. Rascon*, 517 F. App'x 283, 283 (5th Cir. 2013) ("[T]he district court's decision to treat his PSR responses as an objection frivolously contesting the probation officer's drug-quantity determination is not without foundation."); *United States v. Vazquez*, 371 F. App'x 526, 527–28 (5th Cir. 2010) (defendant's "objections [to the drug quantity] constituted attempts to deny or minimize relevant conduct"); *United States v. Lohmann*, 364 F. App'x 167, 168 (5th Cir. 2010) (same).